Anthony Lewis **WHALEM/HUNT,**
Petitioner–Appellant,

v.

Richard **EARLY,** Warden,
Respondent–Appellee.

No. 99–55627.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 10, 1999[1]

Filed Feb. 24, 2000

Anthony Lewis Whalem/Hunt, Pro se, Delano, California, for the petitioner-appellant.

Deborah J. Chuang, Deputy Attorney General, Los Angeles, California, for the respondent-appellee.

Before: CHOY, SKOPIL and WIGGINS, Circuit Judges.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. R. 34(a)(2).

CHOY, Circuit Judge:

Petitioner Anthony Lewis Whalem/Hunt is currently serving a life sentence with the possibility of parole after being convicted by a California state court of carjacking, kidnapping, and kidnapping for carjacking. In October 1998, Whalem/Hunt petitioned a federal district court for a writ of habeas corpus under 28 U.S.C. § 2254. He appeals from the district court's dismissal of his habeas corpus petition as untimely under the one-year statute of limitation established by 28 U.S.C. § 2244(d)(1), the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[2] Whalem/Hunt contends that the failure until June 1998 of the North Kern State Prison to provide legal materials containing the AEDPA constituted an impediment to filing the petition created by state action such that the limitation period began to run on a later date under § 2244(d)(1)(B). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

I.

On September 27, 1994, a Los Angeles County Superior Court jury convicted Whalem/Hunt of carjacking in violation of California Penal Code ("CPC") section 215(a), kidnapping for ransom in violation of CPC section 209(b), and kidnapping for carjacking in violation of CPC § 209.5(a). On November 29, 1994, the trial court sentenced Whalem/Hunt to life with the possibility of parole.

Whalem/Hunt appealed his conviction to the California Court of Appeal, which affirmed the judgment on February 14, 1996. The California Supreme Court denied his petition for review on April 24, 1996.

On December 5, 1997, Whalem/Hunt filed a petition for writ of habeas corpus in the California Court of Appeal and asserted two grounds for relief: (1) he was deprived of liberty and due process in violation of the fourteenth amendment of the United States Constitution because CPC sections 215 and 209.5 were not listed as offenses at the time the alleged crimes were committed, and (2) he was deprived of liberty and due process in violation of the fourteenth amendment based on violations of ex post facto clauses of the state and federal constitutions because CPC sections 215 and 209.5 were not in effect at the time the alleged crimes were committed and that he was being held for a charge for which he was never tried and convicted. The California Court of Appeal denied the petition on December 30, 1997. On January 14, 1998, Whalem/Hunt filed a petition for writ of habeas corpus in the California Supreme Court, which denied the petition on May 27, 1998.

On October 28, 1998, Whalem/Hunt filed a petition for writ of habeas corpus in the United States District Court for the Central District of California. The grounds for relief asserted by the petition are the same as those previously asserted in the petitions for habeas corpus in California state courts. The government filed a motion to dismiss the petition as untimely. The United States Magistrate Judge Rob-

2. Under § 2244(d)(1), the period of limitation shall run from the latest of four possible dates:
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
§ 2244(d)(1).

ert N. Block issued a report recommending that the district court dismiss the petition with prejudice on the basis that it was time-barred and that equitable tolling did not apply. The district court adopted the magistrate's findings, conclusions and recommendations and dismissed the petition with prejudice on February 24, 1999. Whalem/Hunt filed a notice of appeal and applied for a certificate of appealability. The district court granted a certificate of appealability as to whether the alleged failure of the prison to provide legal materials containing the amended § 2244(d)(1) until June 1998 constituted an impediment to filing the petition created by state action in violation of Whalem/Hunt's constitutional right of access to the courts.

## II.

█ This court reviews the district court's decision to deny petitioner's 28 U.S.C. § 2254 petition de novo. *See McNab v. Kok,* 170 F.3d 1246, 1247 (9th Cir.1999) (per curiam). Findings of fact made by the district court relevant to its decision are reviewed for clear error. *See Houston v. Roe,* 177 F.3d 901, 905 (9th Cir.1999).

## III.

### A. *Statute of Limitation*

█ We hold that Whalem/Hunt is not entitled to the later trigger provision under § 2244(d)(1)(B) because he failed to establish that the inadequacy of the prison library constituted an impediment to filing this petition. Whalem/Hunt had from July 23, 1996, to July 22, 1997, to file a timely claim. His claim that he lacked notice of the AEDPA does not explain his failure to file a timely petition between the time his conviction became final and the expiration of the limitation period. *See Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998), *cert. denied,* 525 U.S. 891, 119 S.Ct. 210, 142 L.Ed.2d 173 (1998). Whalem/Hunt has not alleged facts that establish that he was so inhibited by the inadequacies of the

prison library that he was unable to file and state a legal cause of action before the limitation period expired. *See Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The fact that Whalem/Hunt alleges the same basis for habeas relief in federal court as he did in state court demonstrates that he was able to formulate and present his constitutional claims despite the prison officials' alleged failure to provide the AEDPA materials for review. Whalem/Hunt's petition fails not because of inadequacies in the library, but because he waited until after July 22, 1997, to file the petition.

Whalem/Hunt could have filed a valid claim had he filed before the end of the statutory period. By enacting the AEDPA, Congress determined that a state prisoner seeking federal habeas corpus relief should have only one year to file a petition in federal court. This court has already recognized and addressed the possibility of an unfair retroactive effect of the AEDPA. *See Calderon v. United States Dist. Court (Beeler),* 128 F.3d 1283, 1287 (9th Cir.1997) (holding that a prisoner with a state conviction that became final prior to the enactment of the AEDPA had until April 23, 1997, to file a federal habeas corpus petition), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly),* 163 F.3d 530, 539–40 (9th Cir. 1998) (en banc), *cert. denied,* —— U.S. ——, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999). By the time that Whalem/Hunt filed the instant petition, the law no longer allowed delays of any length by a petitioner seeking a federal writ of habeas corpus.

### B. *Equitable Tolling*

█ We also hold that Whalem/Hunt is not entitled to equitable tolling of the limitation period under § 2244(d)(1). This court has held that the limitation period is subject to equitable tolling "if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *See Beeler,* 128 F.3d at 1288–89 (citing *Alvarez–Machain v. United States,*

107 F.3d 696, 701 (9th Cir.1996)). Moreover, this court has observed that "district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." *Id.* at 1289.

Under this standard, it is difficult to conclude that a delay in the availability of the AEDPA materials made it impossible for Whalem/Hunt to file a petition on time. Whalem/Hunt's only explanation as to why he failed to file his petition before July 23, 1997, is that he was unaware of the time limitation due to the failure by prison officials to make available the AEDPA amendments. To be sure, access to the AEDPA materials at an earlier date might have prompted earlier filing, but it cannot be said that the absence of the AEDPA materials caused Whalem/Hunt's late filing or made it impossible to file a petition before the limitation period expired.

## C. *Certificate of Appealability*

In addition to arguing that his federal habeas petition was not time-barred, Whalem/Hunt appears to contend that "[t]he district court erred in failing to compel respondents to comply with clearly established Federal Law, as determined by the Supreme Court of the United States," and in failing to require respondents "to show cause for violation of a long-standing consent decree and injunction against the California Department of Corrections under the case of *Gilmore v. Lynch,* 319 F.Supp. 105 (N.D.Cal.1970)." The district court granted a Certificate of Appealability (COA) only on the issue of whether the failure to provide AEDPA materials constituted an impediment to filing the petition such that Whalem/Hunt was entitled to a later trigger date under § 2244(d)(1)(B).

▆ The additional issues not certified for appeal are not properly before this court. The AEDPA limits the scope of review in a habeas appeal to issues specified in the COA. *See Hiivala v. Wood,* 195 F.3d 1098, 1102 (9th Cir.1999) (per curiam). Effective January 1, 1999, Ninth Circuit Rule 22–1 provides that

> [p]etitioners desiring broader certification must file, in the court of appeals, a separate motion for broader certification, along with a statement of reasons why a certificate should be granted as to any issue(s) within thirty-five days of the district court's entry of its order denying a certificate of appealability.

Ninth Cir. R. 22–1(d). Moreover, the Advisory Committee Note to Circuit Rule 22–1 explains, "To the extent a party wishes to ask the merits panel to broaden the scope of the appeal beyond what was allowed by a motions panel of this court, such a motion and any response may be filed in the court of appeals promptly after the completion of briefing." Ninth Cir. R. 22–1 Advisory Committee Note. Whalem/Hunt has failed to file a motion for broader certification. Accordingly, we do not reach issues not certified by the COA.

## IV.

We hold that the period for filing a federal habeas petition expired on July 22, 1997, one year after Whalem/Hunt's conviction became final. Whalem/Hunt has failed to establish that the alleged failure of the prison officials to provide the AEDPA materials prevented him from filing the petition such that he would be entitled either to the later trigger provision under § 2244(d)(1)(B) or to equitable tolling of the limitation period.

We AFFIRM the decision of the district court.