Rickey ALEXANDER, Petitioner–
Appellant,

v.

Anthony NEWLAND, Respondent–
Appellee.

No. 00–16071.

D.C. No. CV–99–03117–WHA.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2001.*

Decided Sept. 21, 2001.

Before POLITZ,** W. FLETCHER,
and FISHER, Circuit Judges.

MEMORANDUM ***

Appellant Rickey Alexander ("Alexander") appeals the district court's denial of his Petition for Writ of Habeas Corpus as untimely. Alexander argued before the district court that the statute of limitations found in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), was tolled because his prison law library did not contain a copy of AEDPA until well after the limitations period would have expired in his case. The district court, relying on the panel opinion in *Whalem/Hunt v. Early*, 204 F.3d 907, 909 (9th Cir.2000), held that inadequacies of the prison law library could not give rise to tolling.

■ Equitable tolling is available "if extraordinary circumstances beyond a pris-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Honorable Henry A. Politz, Senior Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

oner's control make it impossible to file a petition on time.'" *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999) (internal citations omitted). *See also Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir.2001). Statutory tolling is available until an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action." 28 U.S.C. § 2244(d)(1)(B). After the district court's decision was rendered, we withdrew the *Whalem/Hunt* panel's decision and rendered an en banc opinion emphasizing that "determinations of whether there was an 'impediment' under § 2244(d)(1)(B) and whether there are grounds for equitable tolling are highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc).

In support of his declaration to the district court that he had "absolutely no knowledge whatsoever" that his habeas petition was subject to a one-year limitations period, Alexander submitted several declarations from inmates and prisoner law-library clerks regarding the timing of the library's acquisition of updated AEDPA materials and the lack of legal training for inmate clerks. The State does not appear to have been asked to respond to Alexander's declaration, and the district court held no evidentiary hearing and made no factual findings relevant to Alexander's various claims.

It cannot be said that there are "no circumstances consistent with petitioner's petition and declaration under which he would be entitled to a finding of an 'impediment' under § 2244(d)(1)(B) or to equitable tolling." *Whalem/Hunt*, 233 F.3d at 1148. Because "the district court is in a better position to develop the facts and assess their legal significance in the first instance," *id.*, we REVERSE and RE-MAND to the district court for appropriate development of the record.

REVERSED and REMANDED.