**Charles JONES, Petitioner–Appellant,**

v.

**Susan HUBBARD, Warden, Respondent–Appellee.**

No. 00–15809.

D.C. No. CV–98–05782–OWW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2001.

Decided Oct. 4, 2001.

Before POLITZ,* W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

California state prisoner Charles Jones appeals the district court's dismissal of his petition for writ of habeas corpus as untimely. Jones argues that under this court's *en banc* decision in *Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir.2000) (*Whalem/Hunt II*), his petition is timely because the unavailability of AEDPA in the prison law library constitutes an "impediment" under AEDPA or warrants equitable tolling. We agree that in light of *Whalem/Hunt II* Jones' claim may be meritorious, and so reverse and remand for further factual development.

Proceeding *pro se* and *in forma pauperis*, Jones filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal district court on July 6, 1998. Jones' conviction became final prior to the passage of AEDPA, and so he had until April 24, 1997 to file his petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir.2001). However, Jones filed a state habeas petition with the California Supreme Court on April 21, 1997—three days before AEDPA's statute of limitations would otherwise have run—thus tolling the statute until the California Supreme Court rejected his petition. The California Supreme Court denied Jones' petition on November 24, 1997. Absent a finding of an "impediment" under AEDPA or absent equitable tolling, the one-year statute of limitations would have run before Jones filed his federal habeas petition the following July. The magistrate judge

* Honorable Henry A. Politz, Senior Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

recommended that Jones' federal habeas petition be rejected as untimely under AEDPA.

Jones filed an objection to the magistrate judge's findings and recommendations, arguing for the first time that he had not been aware of AEDPA. In his objection, Jones asserted that he later heard about AEDPA from another inmate. Jones then sent an "inmate request for interview" form to the library asking, "I would like to know what is the AEDPA enactment. There is not any posting. Thank you." A library staff person replied in a memo dated January 14, 1998, "what is AEDPA, I have not (sic) idea. Please explain." There is nothing in the record before us indicating whether Jones responded to the request for clarification.

After reviewing Jones' objection, the magistrate judge issued a Supplemental Report confirming the original findings and recommendation that Jones' petition be rejected. On March 31, 2000, the district court adopted the magistrate's findings and recommendations. Quoting from this court's panel opinion, *Whalem/Hunt v. Early*, 204 F.3d 907, 909 (9th Cir.2000) (*Whalem/Hunt I*) the court stated, "Petitioner's claim that he lacked notice of the AEDPA does not explain his failure to file a timely petition between the time his conviction became final and the expiration of the limitation period." Relying on a correct understanding of the law as it then stood, the court denied Jones' application for habeas corpus as untimely.

■ Jones timely appealed. In the interim, this court issued its *en banc Whalem/Hunt II* opinion, explaining that a court errs in dismissing a habeas petition that alleges impediment and equitable tolling without first allowing factual development of those claims. Petitioner Anthony Lewis Whalem/Hunt had asserted, in a declaration appended to his opposition to a motion to dismiss, that his petition was timely because the prison library did not contain AEDPA until more than two years after AEDPA's passage. In *Whalem/Hunt II*, we held that the assertion warranted further development. Here, Jones' allegation is even stronger than Whalem/Hunt's. We therefore reverse and remand.

■ Jones also argues that the district court violated his right to procedural due process by failing to hold an evidentiary hearing regarding his claim that his medical condition warranted equitable tolling. Because the district court acted within its discretion in determining that Jones' allegations of medical problems, even if proven true, would not entitle him to equitable tolling, the court was not obligated by due process to hold an evidentiary hearing. Jones' due process rights were thus not violated with respect to his claim based on his medical condition.

REVERSED AND REMANDED.