**Anthony Lewis WHALEM/HUNT, Petitioner–Appellant,**

v.

**Richard EARLY, Warden, Respondent–Appellee.**

**No. 99–55627.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 1999

Filed Feb. 24, 2000

Rehearing En Banc Granted and Opinion Withdrawn July 7, 2000

Argued and Submitted Sept. 20, 2000

Filed Dec. 7, 2000

Monica Knox, Office of the Federal Public Defender, Los Angeles, California, for the petitioner-appellant.

Deborah J. Chuang, Office of the Attorney General of California, Los Angeles, California, for the respondent-appellee.

Before: PREGERSON, O'SCANNLAIN, TROTT, FERNANDEZ, T. G. NELSON, TASHIMA, WARDLAW, W. FLETCHER, GOULD, PAEZ, and BERZON, Circuit Judges.

PER CURIAM Opinion; Concurrence by Judge TASHIMA

PER CURIAM:

Petitioner Anthony Lewis Whalem/Hunt is serving a life sentence with possibility of parole based on his conviction in California state court for carjacking, kidnapping for ransom, and kidnapping for carjacking. Petitioner timely appealed his conviction, and the California Supreme Court denied

his petition for direct review on April 24, 1996. The time for filing a petition for certiorari in the United States Supreme Court expired on July 23, 1996. Petitioner filed a pro se petition for habeas corpus in the California Court of Appeal on December 5, 1997. That petition was denied on December 30, 1997. Petitioner then filed a pro se petition for habeas corpus in the California Supreme Court on January 14, 1998. That petition was denied on May 27, 1998.

Petitioner filed a pro se petition for habeas corpus in federal district court on October 28, 1998. Prior to the adoption of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 124, there was no statute of limitations applicable to petitions for habeas corpus in federal court. The new limitations period created by AEDPA is as follows:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1). There was nothing on the habeas corpus form supplied to petitioner that mentioned AEDPA or any limitations period.

Respondent moved in the district court to dismiss the petition on the ground that petitioner failed to comply with the one-year limitations period of AEDPA. Unless there was an "impediment to filing an application" or unless the limitation period was tolled, the time during which petitioner could file his federal petition expired one year after petitioner's judgment of conviction became final. The judgment became final on July 23, 1996, when the time to seek certiorari from the Supreme Court on direct review expired.

In a declaration appended to petitioner's opposition to the motion to dismiss, petitioner stated that the law library of the prison in which he is incarcerated did not have legal materials describing AEDPA until June 1998. He further stated that he "had no knowledge of any limitations period" prior to December 1998. Respondent was not given—and, given the district court's holding, did not need—an opportunity to present evidence contradicting petitioner's statements.

The magistrate judge to whom the case was assigned wrote:

[T]he Court finds that the failure of the prison officials to stock legal materials containing the amended § 2244(d)(1) until June of 1998, even if true, did not constitute an impediment to the filing of the Petition herein. Petitioner's two claims essentially are the same claims raised and briefed by him in his California Court of Appeal habeas petition filed on December 5, 1997. Thus, the alleged failure of the prison officials to stock

legal materials containing the amended § 2244(d)(1) until June of 1998 had no bearing on petitioner's ability to research and identify these claims. Put another way, petitioner has made no showing that unconstitutional state action prevented him from exhausting his claims and filing his habeas petition within the limitations period.

The district court adopted the report and recommendation of the magistrate judge and dismissed the petition as time-barred. Petitioner timely appealed, and a panel of this court affirmed. *See Whalem/Hunt v. Early*, 204 F.3d 907 (9th. Cir.2000). We then ordered that the case be reheard en banc and directed that the panel opinion not be cited as precedent. *See Whalem/Hunt v. Early*, 218 F.3d 1078 (9th Cir.2000).

Petitioner argues that his petition is not time-barred under either of two theories. First, he argues that the unavailability of AEDPA in the prison law library before June 1998 was an "impediment" to his filing an application. *See* 28 U.S.C. § 2244(d)(1)(B). Second, he argues that the unavailability of AEDPA provides grounds for "equitable tolling" of its one-year limitation period. *See Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999); *Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541–42 (9th Cir. 1998); *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288–89 (9th Cir.1997).

We do not agree with the district court that there are no circumstances consistent with petitioner's petition and declaration under which he would be entitled to a finding of an "impediment" under § 2244(d)(1)(B) or to equitable tolling. We therefore reverse the district court's dismissal of the petition. On the present record, however, we cannot go farther. The district court gave petitioner no opportunity to amend his petition or expand his declaration; respondent was not asked to respond to petitioner's declaration; and the district court held no evidentiary hearing. Because determinations of whether there was an "impediment" under § 2244(d)(1)(B) and whether there are grounds for equitable tolling are highly fact-dependent, and because the district court is in a better position to develop the facts and assess their legal significance in the first instance, we believe the best course is to remand to the district court for appropriate development of the record.

REVERSED and REMANDED.

TASHIMA, Circuit Judge, with whom TROTT and BERZON, Circuit Judges, join, concurring:

We are all in agreement that this case should be reversed and remanded, but the court's opinion gives hardly a clue as to why we are doing so. I concur in the majority opinion, but I write separately briefly to set forth my understanding of why we unanimously agree that this case must be reversed and remanded "for appropriate development of the record."

Neither the "impediment" standard contained in the statute, 28 U.S.C. § 2244(d)(1)(B), nor this court's equitable tolling standard, *see Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288–89 (9th Cir.1997), *overruled on other grounds, Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998) *(en banc)*, *cert. denied*, 526 U.S. 1060, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999), requires that petitioner prove an inability to "research and identify [his] claims," as the district court held, in order to rely upon barriers to researching legal issues as the basis for delaying the start of, or tolling, the statute of limitations. A prisoner acting *pro se* can be prevented from discovering the most basic procedural rules essential to avoid being summarily thrown out of court, even if the claims alleged in the petition are meritorious, well-drafted, and supported by every pertinent citation entitling him to relief on the merits. *Cf. Rand v. Rowland*, 154 F.3d 952, 958 (9th Cir.1998) *(en banc)*, *cert. denied*, 527 U.S. 1035, 119 S.Ct. 2392, 144

L.Ed.2d 793 (1999) (noting handicaps faced by prisoners acting *pro se* in complying with procedural requirements). A petitioner's knowledge of the legal basis of his claims is not the same as knowledge of the procedural rules that must be complied with in order to get a hearing on the merits. The fact that, like a broken clock, a petitioner who has no way of learning the limitations period may nonetheless be timely occasionally is not pertinent to determining whether there is an "impediment" (under the statute) or an "extraordinary circumstance" (under our equitable tolling cases) because of the inability to learn and be guided by such critically important procedural rules as the governing limitations period. The legal standard applied by the magistrate judge and adopted by the district court in judging the timeliness issue was, therefore, erroneous.

We cannot tell, however, on this record, precisely what the factual circumstances were regarding Whalem/Hunt's ability or inability to learn of the AEDPA's imposition of a one-year statute of limitations. Nor can we determine the connection, if any, between Whalem/Hunt's late-filing of his petition and any legal research difficulties affecting him while in prison. It is for these reasons that the court's opinion rightly states that the "determinations of whether there was an 'impediment' under § 2244(d)(1)(B) and whether there are grounds for equitable tolling are highly fact-dependent ..." and remands for the development of an adequate record.

With this added observation I wholly concur in the court's opinion.