**John Anthony MANNING, Petitioner–Appellant,**

v.

**Ivalee HENRY, Respondent–Appellee.**

**No. 99–15898.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2000.

Submission Withdrawn Sept. 18, 2000.

Resubmitted Dec. 11, 2000.

Decided Jan. 31, 2001.

Before GRABER, FISHER, and BERZON, Circuit Judges.

## MEMORANDUM*

Petitioner John Anthony Manning appeals from the district court's order dismissing as untimely his petition for a writ of habeas corpus under 28 U.S.C. § 2254. On de novo review, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), we affirm.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year statute of limitations applies to petitions for writs of habeas corpus by persons who are in custody pursuant to state-court judgments. 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), that one-year period began to run in this case on June 19, 1996, "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." The limitation period was tolled between August 2 and 8, 1996, and expired on June 25, 1997. Petitioner did not file his federal habeas corpus petition until November 19, 1997. Accordingly, the petition is untimely.

■ Petitioner argues that the one-year statute of limitations did not begin to run until he exhausted *both* his direct appeal *and* any and all "collateral post-conviction remedies" that he might pursue in state court. This court has held, however, that the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A) begins to run on the expiration of the 90-day period "within

which [a petitioner] could have filed a petition for a writ of certiorari from the United States Supreme Court" following direct appeal. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir.1999). In Petitioner's case, that 90-day period expired on June 19, 1996.

■ Petitioner also argues that his failure to comply with the statute of limitations should be excused because he, along with other white inmates, was "locked down" for five periods, totaling 67 days, between June 19, 1996, and June 25, 1997. He also alleges that he was locked down for an additional 33-day period between the date on which the statute of limitations expired, June 25, 1997, and the date on which he filed his federal petition, November 19, 1997. As pertinent to this appeal, Petitioner states that prisoners who were locked down were not allowed access to the prison law library, although that condition did not apply to prisoners who faced "imminent court deadlines within 30 days."

Petitioner advances two distinct arguments concerning the lock-down periods. *First,* he argues that the lock downs were race-based and, accordingly, are "constitutionally suspect" under the Fourteenth Amendment. But Petitioner conceded in district court that the lock downs *were* constitutional. Because petitioner did not raise the present argument (and, indeed, conceded it) before the district court, we will not consider it. *Tomlin v. Myers*, 30 F.3d 1235, 1240 (9th Cir.1994).

*Second,* Petitioner argues that his failure to file his petition in a timely manner should be excused under the doctrine of equitable tolling.[1] AEDPA's statute of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. We held this case pending *Whalem/Hunt v. Early,* 233 F.3d 1146 (9th Cir.2000) (en banc),

which presented a question about the doctrine of equitable tolling. However, the opinion in *Whalem/Hunt* does not answer the questions presented in this case.

limitations may be equitably tolled only "if *'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."* *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 541 (9th Cir.1998) (en banc) (quoting *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir.1997)) (emphasis added) (internal quotation marks omitted).

It is undisputed that the lock downs were beyond Petitioner's control. However, they were not "extraordinary circumstances" that made it "impossible" for Petitioner to file his petition in a timely manner. Assuming, without deciding, that a lock down can be an "extraordinary circumstance," nevertheless the lock downs did not make it "impossible" for Petitioner to file his petition in a timely manner, for two reasons: (1) Petitioner acknowledges that the lock downs did not bar access to the law library "for imminent court deadlines within 30 days," and (2) Petitioner had almost 300 days during which he was *not* locked down in which to file his petition. *See Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178–79 (9th Cir.2000) (refusing to toll statute of limitations, when the plaintiff had sufficient opportunity to file claim within limitation period).

■ Petitioner presents two additional reasons for equitable tolling. *First,* he argues that his job in the prison kept him from spending as much time in the law library as he would have been able to spend if he had not had the job. However, that circumstance was not "extraordinary."

*Second,* he argues that he received bad advice from a "jailhouse lawyer." Essentially, he argues that he relied on another inmate's advice when he filed his "Petition for Certiorari" with the California Court of Appeal, rather than with the United States Supreme Court. Regardless where it was filed or how it was construed, his petition to the California Court of Appeal had the effect of tolling the statute of limitations during its pendency. Accordingly, Petitioner was not prejudiced by the jailhouse lawyer's error.

AFFIRMED.