**Carlos Duane HENDON, Petitioner–Appellant,**

v.

**A.A. LAMARQUE, Respondent–Appellee.**

No. 00–16671.

D.C. No. CV–00–00349–PJH.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2001.*

Decided Sept. 20, 2001.

Before POLITZ,** W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM ***

Appellant Carlos Duane Hendon ("Hendon") appeals the district court's denial of his Petition for Writ of Habeas Corpus as untimely. Hendon contends that a series of back-to-back prison lockdowns and placements in administrative segregation resulted in long-term denial of access to prison law libraries and personal legal materials. Such denials, he argues, constitute grounds for equitable and statutory tolling of the limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1).

Equitable tolling is available "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." ' *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999) (internal citations omitted). *See also Allen v. Lewis,* 255 F.3d 798, 800 (9th Cir.2001). Statutory tolling is available until an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action." 28 U.S.C. § 2244(d)(1)(B). In *Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir.2000) (en banc), we emphasized that "determinations of whether there was an 'impediment' under § 2244(d)(1)(B) and whether there are

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Honorable Henry A. Politz, Senior Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

grounds for equitable tolling are highly fact-dependent."

In support of his declaration to the district court that his access to legal materials was "virtually eliminated," Hendon submitted a series of prison "lockdown orders." These documents do not make clear the specific dates in which Hendon was subjected to lockdown and do not detail the specific restrictions imposed upon Hendon during the relevant time period. The State does not appear to have been asked to respond to Hendon's declaration, and the district court held no evidentiary hearing and made no factual findings relevant to Hendon's various claims.

The district court's decision was rendered before our en banc decision in *Whalem/Hunt*. It cannot be said that there are "no circumstances consistent with petitioner's petition and declaration under which he would be entitled to a finding of an 'impediment' under § 2244(d)(1)(B) or to equitable tolling." *Whalem/Hunt*, 233 F.3d at 1148. Because "the district court is in a better position to develop the facts and assess their legal significance in the first instance," *id.*, we REVERSE and REMAND to the district court for appropriate development of the record.

REVERSED and REMANDED.