Michael E. SCHINKEL, Petitioner—
Appellant,

v.

Matthew C. KRAMER, et al.,
Respondents—Appellees.

No. 99–17199.

D.C. No. CV–98–01218–LKK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2001.

Decided Jan. 9, 2002.

Before HUG, D.W. NELSON, and HAWKINS, Circuit Judges.

MEMORANDUM *

Michael Schinkel appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition as untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d). Schinkel contends, *inter alia*, that he is

---

entitled to statutory or equitable tolling of that statute's limitations period because he was denied access to a law library during the period in which his petition was required to be filed. We reverse the dismissal and remand to the district court for further inquiry into whether Schinkel's alleged lack of access to a law library demands tolling.

This court reviews *de novo* a district court's denial of a § 2254 petition as untimely. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999). Since the district court's dismissal of Schinkel's petition, we have held that an inadequate prison library might qualify a habeas petitioner for equitable tolling of the AEDPA statute of limitations, or, alternatively, might be an "impediment" under § 2244(d)(1)(B). *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc).

In *Whalem*, a habeas petitioner alleged that his prison law library did not contain legal materials describing the AEDPA, and that as a result he was unaware of that statute's time limits. *Whalem*, 233 F.3d at 1147. He argued that lack of access to AEDPA materials could support equitable or statutory tolling. This court agreed and reversed the district court's dismissal, holding that "[w]e do not agree with the district court that there are no circumstances consistent with petitioner's petition and declaration under which he would be entitled to a finding of [statutory or equitable tolling]." *Id.* at 1148. Because the district court had failed to develop the factual record surrounding the library issue, we remanded. "Because determinations of whether there was an "impediment" under § 2244(d)(1)(B) and whether there are grounds for equitable tolling are highly fact-dependent, and because the district court is in a better position to develop the facts and assess their legal significance in the first instance, we

believe the best course is to remand to the district court for appropriate development of the record." *Id.*

Schinkel clearly and repeatedly asserted to the district court below that he had no access to a law library (or extremely limited access) during at least some of the relevant period, and that as a result he was unaware of the AEDPA. Early in his proceeding before the district court, in his request for appointment of counsel, Schinkel stated that he needed counsel in part because "[t]he prisons are in the process of taking all the law books from the law librarys [sic]." Later, after counsel was denied, Schinkel stated in his opposition to the State's motion to dismiss his petition that he first learned of the AEDPA through the State's motion, and that he "has no means to look up the statute respondent has stated." Also in his opposition to the State's motion to dismiss, Schinkel stated that "Petitioner … at this time has NO access to the Law Library." In his objections to the magistrate's findings and recommendations, Schinkel reasserted his difficulty accessing a law library, urging that he has "NO possible way to have any access to the law library" on weekdays and that "the library is rarely open" on weekends.

If true, these allegations may be sufficient to support both equitable and statutory tolling. *Whalem*, 233 F.3d at 1148. However, as in *Whalem*, the district court below made no findings of fact on this issue. Neither the magistrate judge nor the district court judge looked into whether Schinkel in fact suffered the difficulties he described, nor did either explore the connection, if any, between these difficulties and Schinkel's late filing.

We therefore **reverse** the dismissal and **remand** the case for a factual inquiry into Schinkel's allegations regarding lack of library access and a determination of

whether equitable or statutory tolling is appropriate.

**REVERSED AND REMANDED.**

* Honorable Ann L. Aiken, United States District Court Judge for the District of Oregon, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.