* Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

did not err in finding that defense counsel's tactics failed to pervade the trial and prejudice the jury. Finally, the district court did not abuse its discretion in rejecting McMillan's request to recall Officer Weathersby. The judgment of the district court is hereby AFFIRMED.

**Pete HOLLOWAY, Petitioner—Appellant,**

v.

**Ernest C. ROE, Warden, Respondent—Appellee.**

No. 00–55613.

D.C. No. CV–99–05276–ER–RNB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 16, 2002.

Decided Feb. 19, 2002.

Before SCHROEDER, Chief Judge, McKEOWN, Circuit Judge, and ZILLY, District Judge.*

### MEMORANDUM [1]

Pete Holloway challenges the district court's dismissal of his 28 U.S.C. § 2254

habeas petition as untimely. We reverse and remand for an evidentiary hearing with respect to the events surrounding the death of Holloway's jailhouse attorney.

Holloway had one year from the date his conviction became final to file his § 2254 habeas petition in federal district court. 28 U.S.C. § 2244(d)(1). Absent some form of tolling, his petition is untimely. In addition to 162 days of statutory tolling during the pendency of his state court habeas petition, *see* 28 U.S.C. § 2244(d)(2), Holloway contends that he is entitled to additional tolling as the result of his jailhouse lawyer's death. *See Calderon v. U.S. Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir.1997) (equitable tolling granted "if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). A number of facts are critical to Holloway's claim, including, among others, the date on which his jailhouse lawyer died, Holloway's knowledge of the death, whether Holloway's access to his legal materials was otherwise impeded, and his efforts with respect to preparing his petition. Thus, we remand for further development of the record and consideration of the equitable tolling claim in view of the record. *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (remand appropriate where there are "circumstances consistent with petitioner's petition and declaration under which he would be entitled to a finding of . . . equitable tolling").

REVERSED and REMANDED for further proceedings consistent with this disposition.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.