UNITED STATES of America, Plaintiff—Appellee,

v.

Roberto HERNANDEZ–LOPEZ, aka, Juan Carlos Hernandez–Lopez, Defendant—Appellant.

No. 00–10585.

D.C. No. CR–00–00906–ROS.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002 *.

Decided Feb. 20, 2002.

Before B. FLETCHER, T. NELSON and TALLMAN, Circuit Judges.

MEMORANDUM **

Roberto Hernandez–Lopez appeals his guilty plea conviction and the 55–month sentence imposed for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326. Hernandez–Lopez's attorney has moved to withdraw pursuant to *Anders v.*

*California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), on the ground that there are no issues to raise on appeal.

As part of his plea agreement, Hernandez–Lopez waived his right to appeal the judgment and sentence. Because he received a sentence consistent with the plea agreement, and there is no evidence that the waiver of the right to appeal was not knowing or was not voluntary, we enforce the waiver and dismiss the appeal. *United States v. Aguilar–Muniz,* 156 F.3d 974, 976 (9th Cir.1998).

Because our independent review of the record discloses no arguable issues, counsel's motion to withdraw is granted and the appeal is

DISMISSED.

John Allen DUCHINE, Petitioner– Appellant,

v.

Anthony NEWLAND, Respondent– Appellee.

No. 00–15699.

D.C. No. CV–99–04533–MMC.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Feb. 11, 2002 *.

Decided Feb. 20, 2002.

Before B. FLETCHER, T.G. NELSON and TALLMAN, Circuit Judges.

MEMORANDUM **

California state prisoner John Allen Duchine appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the dismissal of a habeas petition on statute of limitations grounds, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir. 1999), and we vacate and remand.

Duchine contends that the one-year statute of limitations under the AEDPA was tolled by the prison law library's failure to keep a copy of the AEDPA, or otherwise provide competent legal assistance regarding its statute of limitations, until August or October 1998. He argues that the district court erred by ruling that this was not a sufficient basis for equitable tolling.

Since the district court's dismissal of Duchine's petition, we have held that an inadequate prison law library might constitute an "impediment" under § 2244(d)(1)(B), or, alternatively, justify equitable tolling of AEDPA's statute of limitations. *See Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (per curiam); *see also Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 et seq. (1996) (discussing constitutional right of access to the courts). In *Whalem/Hunt,* because the district court had not developed the factual record regarding the library issue, and because "determinations of whether there was an 'impediment' under § 2244(d)(1)(B) and whether there are grounds for equitable tolling are highly fact-dependent," we remanded. *Whalem/Hunt,* 233 F.3d at 1148.

Likewise, because the state was not directed to respond to Duchine's allegations and there was no evidentiary hearing, the record is inadequate to determine whether Duchine's petition is timely. It cannot be said that there are "no circumstances consistent with petitioner's petition and declaration under which he would be entitled to a finding of an 'impediment' under § 2244(d)(1)(B) or to equitable tolling." *Id.* Because "the district court is in a better position to develop the facts and assess their legal significance in the first instance," *id.,* we vacate and remand the case for further proceedings.[1]

VACATED and REMANDED.

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Duchine's motions for judicial notice are denied as moot.