**Bradley HARDISON, Petitioner–Appellant,**

v.

**Anthony C. NEWLAND Respondent–Appellee.**

No. 99–17221.

D.C. No. CV–98–04517–CRB.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002.*

Decided March 18, 2002.

Before FARRIS, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

California state prisoner Bradley Hardison appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, review de novo, *Patterson v. Stewart,* 251 F.3d 1243, 1245 (9th Cir.), *cert denied,* —— U.S. ——, 122 S.Ct. 406, 151 L.Ed.2d 308 (2001), and we reverse and remand.

Because Hardison's state conviction became final prior to the enactment of the AEDPA, Hardison had until April 24, 1997, to file his § 2254 petition. *See id.* at 1246. Absent tolling of the statute of limitations, therefore, Hardison's petition filed November 24, 1998, is untimely.

Hardison contends that the district court erred by not granting him statutory tolling under 28 U.S.C. § 2244(d)(1)(B) or equitable tolling based on his claims that the prison law library was inadequate, and that he was denied adequate access to both the law library and legal assistance. Given the district court's finding that the prison law library did not receive the AEDPA until more than a year after Hardison's limitations period elapsed, his claim has

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

merit.[1] Because the district court did not have the benefit of our *en banc* decision in *Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir.2000) (en banc) (per curiam), we reverse and remand for a determination of whether statutory or equitable tolling is appropriate.[2]

**REVERSED and REMANDED.**

---

1. We note that the district court also found that Hardison was aware of a limitations period. Pertinent to the tolling issue, however, is when, in the absence of an actual copy of the AEDPA, he understood that period was to begin running.

2. Because we remand pursuant to *Whalem/Hunt,* we do not reach Hardison's additional contention that he is entitled to tolling under 28 U.S.C. § 2244(d)(1)(D) (delaying commencement of 1–year period of limitation from date on which factual predicate of habeas claim could have been discovered through due diligence).

