**Freddy ALONZO, Petitioner—Appellant,**

**v.**

**C.K. PLILER, Warden, et al., Respondents—Appellees.**

No. 01–55673.

D.C. No. CV–00–05618–CAS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2002.

Decided Jan. 7, 2003.

Before HALL, THOMPSON, and WARDLAW, Circuit Judges.

---

## MEMORANDUM *

Freddy Alonzo, a California state prisoner, appeals the district court's denial of his habeas petition as time-barred under the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1). The district court denied Alonzo's petition, adopting the magistrate's report without addressing Alonzo's claim that the limitations period should be equitably tolled because prison guards beat him and destroyed his eyeglasses, rendering him unable to read or write for nearly two years. We granted a certificate of appealability on the following issue:

> If Petitioner's allegations are true that he was unable to read or write for almost two years because his eyeglasses were broken when he was beaten by "adseg staff" and the prison took almost two years to replace his glasses, is equitable tolling warranted for the time that Petitioner's eyeglasses were not replaced by the prison?

We have jurisdiction pursuant to 28 U.S.C. § 1291, and hold that the answer to this question is yes.

Equitable tolling applies when: 1) extraordinary circumstances beyond the plaintiff's control make it impossible to file a claim on time; or when 2) the plaintiff is prevented from asserting the claim by wrongful conduct on the part of the defendant. *See Alvarez–Machain v. United States,* 107 F.3d 696, 701 (9th Cir.1996). Where "adseg staff" beat a prisoner, break his glasses, render him unable to read and write, and fail for two years to provide him with replacement glasses, this is both an extraordinary circumstance beyond appellant's control that makes it impossible to file his claim on time and gross misconduct by the state that prevents appellant from asserting his claim.

The government argues that we should affirm the district court because appellant's claim *regarding* his eyeglasses was raised in a traverse and a traverse is not a proper pleading in which to raise additional grounds for relief. Our rule, however, is that "a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell,* 231 F.3d 615, 621 (9th Cir.2000), *cert. denied,* 534 U.S. 831, 122 S.Ct. 76, 151 L.Ed.2d 40 (2001). Further, "in making a decision on whether to consider newly offered evidence, the district court *must actually exercise its discretion,* rather than summarily accepting or denying the motion." *Id.* at 622 (emphasis added).

Here, it is impossible to tell whether the District Court declined to exercise its discretion or summarily accepted the findings of the magistrate judge. As in *Brown v. Roe,* 279 F.3d 742 (9th Cir.2002), "there is nothing in the record that shows the district court actually exercised its discretion in refusing to consider [appellant's] newly-raised claim.... [T]he district court's order in this case is very brief, stating without elaboration that it conducted a *de novo* review of the magistrate's findings and recommendations." *Id.* at 745 (citation omitted).

The District Court's order in the instant case is reversed and remanded to give the court an opportunity to consider appellant's equitable tolling claim based on the allegation that prison guards beat him, destroyed his glasses and failed to replace them for two years. *See id.* The District

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Court is free to make whatever factual findings it deems necessary. Further, if the District Court chooses not to entertain appellant's newly raised claim, it should explain its decision to refuse to consider appellant's evidence on procedural grounds. *See Howell,* 231 F.3d at 623; *see also Lott v. Mueller,* 304 F.3d 918, 925 (9th Cir.2002); *Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir.2000) (en banc).

**REVERSED** and **REMANDED**.