**John LOPES, Petitioner—Appellant,**

v.

**Linda CLARK, Respondent—Appellee.**

No. 01–15217.

D.C. No. CV–99–1130 LKK.

United States Court of Appeals,
Ninth Circuit.

Submitted March 13, 2003.*

Decided April 3, 2003.

Before GOODWIN, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM**

John Lopes ("Lopes") appeals from the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. We reverse and remand for further development of the record. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

The district court held that Lopes was not entitled to equitable tolling during the period that his administrative appeal was pending, but did not hold an evidentiary hearing to determine the exact circumstances of Lopes' case. The Antiterrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations provision is subject to equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 496, 154 L.Ed.2d 399 (2002). For a petitioner to receive the benefit of equitable tolling, he must prove that there were extraordinary circumstances beyond his control that made it impossible to file a petition on time. *Lott v. Mueller,* 304 F.3d 918, 922 (9th Cir.2002). If a petitioner fails to exercise due diligence the limitations period will not be equitably tolled. *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999). The grounds for determining equitable tolling are "highly fact dependant." *Lott,* 304 F.3d at 923 (quoting *Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir.2000) (en banc)).

If there were any circumstances under which the facts alleged by Lopes could have entitled him to equitable tolling, the district court should have conducted an evidentiary hearing or allowed Lopes, a pro se petitioner, to expand his declaration. *See Whalem/Hunt,* 233 F.3d at 1148. Lopes claims that he was told by a counselor at the prison that he needed to pursue a "Hea Good" hearing. Although the exact context in which this advice was given is unclear, it is possible that the counselor told Lopes that he could only pursue his claim in court after filing a complaint with the California Department of Corrections. If he reasonably relied on such advice, making it impossible for him to file a timely habeas petition, then Lopes is entitled to equitable tolling. *See Socop-Gonzalez v. INS,* 272 F.3d 1176, 1193–94 (9th Cir.2001) (en banc) (holding that incorrect advice by INS personnel qualified as extraordinary circumstances that triggered equitable tolling of a deadline for filing an asylum appeal).

Because it is possible that a prison official misled Lopes into believing that he

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2)(C).

378

had to exhaust administrative remedies before challenging the calculation of his presentence custody credits, the dismissal of Lopes' petition is reversed and remanded for further proceedings to determine "precisely what the factual circumstances were regarding" the information provided to Lopes. *Whalem/Hunt*, 233 F.3d at 1149 (Tashima, J., concurring).

On remand, the district court should determine whether Lopes was told by a prison official that he needed to file an administrative appeal before he could exhaust his state judicial remedies. If Lopes did receive such advice, the district court must then determine whether Lopes reasonably relied on such advice, making it impossible to file a timely habeas petition. Finally, the court must determine whether, under the circumstances, Lopes exercised due diligence in pursuing his claims. *See Miles*, 187 F.3d at 1107 (stating that "external forces, rather than a petitioner's lack of diligence" must be cause of untimely filing). If Lopes meets all the requirements for equitable tolling, then AEDPA's statute of limitations should be tolled.

The judgment of the district court dismissing Lopes' § 2254 habeas petition is

**REVERSED** and **REMANDED**.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.