Philip F. CARTER, Petitioner—
Appellant,

v.

Steven J. CAMBRA, Jr., Warden,
Respondent—Appellee.

No. 03–55462.

D.C. No. CV–00–02430–JAH.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 15, 2003.*

Decided Oct. 3, 2003.

Before SKOPIL, FERGUSON, and
BOOCHEVER, Circuit Judges.

MEMORANDUM**

California state prisoner Philip E. Carter appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction under 28 U.S.C. § 2253(a), and we review de novo. *See Malcom v. Payne*, 281 F.3d 951, 956 (9th Cir.2002). We limit our review to whether prison lockdown status can be the basis of equitable tolling under AEDPA, the issue in the certificate of appealability. *See Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir.1999). We affirm.

The district court dismissed Carter's petition as time-barred under 28 U.S.C. § 2244(d)(1), which states that a one-year limitations period applies to federal habeas petitions filed by state prisoners. Carter argues that he was entitled to equitable tolling during the periods that the prison was in lockdown. However, during the period of intermittent lockdowns, he filed a state habeas petition, and there were three months during which access to the prison library was not restricted. He thus has not demonstrated that it was impossible for him to file a petition on time. *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (lack of ac-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cess to library materials does not automatically justify equitable tolling, and inquiry must be fact-specific). We also note that even if equitable tolling were applied to the periods of actual lookdown, Carter's petition would still be untimely.

AFFIRMED.