*277 MURGUIA, Circuit Judge,
dissenting.
I respectfully dissent. I would reverse the district court’s dismissal of Shields’s petition as untimely and remand for an evidentiary hearing to determine whether Shields is entitled to equitable tolling based on mental incompetence.
I. District court’s dismissal as untimely
In dismissing the petition, the district court failed to recognize that Shields’s petition could be timely based on the combined effect of both statutory and equitable tolling, as long as Shields were granted equitable tolling for at least twenty days. The district court erroneously required Shields to allege eleven months of equitable tolling when, in fact, Shields would be entitled to ten months of statutory tolling if he were granted a single day of equitable tolling prior to the filing of his state petition. Furthermore, Shields needed just nineteen days of equitable tolling to extend his one-year limitations period from the end of his state habeas procedures to the filing of his federal petition. See Ramirez v. Yates, 571 F.3d 993, 1000 (9th Cir.2009) (remanding for factual findings on equitable tolling where petition could only be timely if petitioner were granted both statutory and equitable tolling, and where equitable tolling was necessary for petitioner to get benefit of statutory tolling).[1]
II. Waiver
Issues raised for the first time on appeal concerning the timeliness of a habeas petition may be considered as long as they are based “on the same set of operative facts” as a claim made at the district court. Lott v. Mueller, 304 F.3d 918, 925 (9th Cir.2002). In Lott, the petitioner refashioned what had been a statutory tolling claim before the district court as an equitable tolling claim on appeal. Id. at 925. We rejected the argument that the petitioner had waived the equitable tolling claim because both the claim before the district court and the claim on appeal relied “on the same set of operative facts.” Id. Likewise, Shields’s argument on appeal is based on exactly the same set of facts as those before the district court.
Although Shields did not explicitly label his equitable tolling claim before the district court “equitable tolling for mental incompetence,” Shields’s Opposition to Respondent’s Motion to Dismiss as Untimely (“Opposition”) is replete with references to mental incompetence and is most fairly read as a request for equitable tolling due to Shields’s mental health issues, combined with other obstacles. See id. at 924 (stating that “the confluence of numerous factors beyond the prisoner’s control” may constitute “extraordinary circumstances” for purposes of equitable tolling). In his Opposition, Shields clearly listed the circumstances beyond his control that he alleged prevented him from filing a timely petition. Shields explained that he was *278 denied access to his legal property for three periods of time, including while committed to the “Mental Outpatient Housing Unit” for “Accute Psychological treatment” and “suicide pervention [sic].” He also requested equitable tolling for a period when he could not access the law library or obtain the assistance of the law library clerk. Critically, Shields articulated that his lack of access to the law library and the law library clerk constituted an extraordinary circumstance “due to [Shields’s] mental learning impairment / disability and mental health status,” which he buttressed by stating that he was “diagnosed as mildly retarded,” had “a reading level [Test of Adult Basic Education] score of 2.5,” and is currently in a mental health program run by the California Department of Corrections. The majority downplays this evidence of mental illness — which it euphemistically refers to as “distress”— and construes Shields’s arguments in an overly formalistic way. The majority appears to punish Shields not because he has changed his arguments on appeal, but because his claims are more artfully presented now that he is represented by appointed counsel. Without even relying on the liberal construction owed to a pro se prisoner’s filings, Rand v. Rowland, 154 F.3d 952, 958 (9th Cir.1998) (en banc), I would conclude that Shields’s habeas petition clearly alleged that his request for equitable tolling was based on mental incompetence; specifically, that certain obstacles, such as the denial of access to his legal files for 95 days, see Lott, 304 F.3d at 925 (holding that, if uncontroverted, petitioner’s allegation that he was denied access to his legal papers for 82 days is sufficient to warrant equitable tolling), as well as a law library clerk, made timely filing impossible for Shields in light of his mental health issues.
The majority disposes of the ample evidence showing that Shields suffers from mental illness by saying that this “does not necessarily mean” that Shields was incapable of filing a timely petition.[2] But if this evidence, which includes a determination by the state prison system to place Shields in a mental health program, “necessarily” meant that Shields’s mental incapacity prevented him from filing a timely petition, he would be entitled to a grant of equitable tolling under the test set forth in Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir.2010). The question here, rather, is merely whether Shields should be granted an evidentiary hearing as to equitable tolling. “[W]e do not require [Shields] to carry a burden of persuasion at this stage in order to merit further investigation into the merits of his argument for tolling. Rather, our cases require only that there be ‘circumstances consistent with petitioner’s petition under which he would be entitled to a finding of an ‘impediment’ under § 2244(d)(2)(B) or to equitable tolling’ for further factual development to be required.” Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir.2003) (quoting Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc)). All that is required of Shields at this stage is a “good-faith allegation that would, if true, entitle him to equitable tolling.” Id. at 921. Because Shields has alleged sufficient facts that would, if true, entitle him to equitable tolling, I would remand to the district court for an evidentiary hearing to determine whether any mental incompetence, combined with the denial of access to the law library, law library clerk, and his legal files warrant equitable tolling.

. Contrary to the concurrence’s assertion, nothing in our case law says that we cannot "stop” and "restart” the statute-of-limitations clock due to equitable tolling. Indeed, we have applied equitable tolling in such a manner on numerous occasions. See, e.g., Ramirez, 571 F.3d at 1001 ("We vacate and remand with instructions to make the necessary findings of fact to resolve Ramirez’s claims for equitable tolling for the periods between May 21, 2002 and August 1, 2002; and February 26, 2003 and July 11, 2003.”). Furthermore, Shields presents a relatively strong case for equitable tolling precisely because the four periods of time when he claims he could not prepare his habeas petition occurred prior to the one-year AEDPA deadline. Had these periods taken place after February 2007, Shields’s claim would have failed as a matter of law because extraordinary circumstances cannot equitably toll a limitations period that has already run.

. Under the majority's logic, Shields is in a Catch-22. He is too coherent for equitable tolling, but not articulate enough to avoid waiving his equitable tolling claim.