**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 05 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GIOVANNI VALERIO, | No. 11-16384 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-01806-PMP-GWF |
| v. | |
| ANTHONY SCILLIA; ATTORNEY GENERAL OF THE STATE OF NEVADA, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted July 12, 2013
San Francisco, California

Before: PAEZ, BERZON, and TALLMAN, Circuit Judges.

Nevada state prisoner Giovanni Valerio appeals the district court's

dismissal of his 28 U.S.C. § 2254 habeas corpus petition as untimely under the

Antiterrorism and Effective Death Penalty Act ("AEDPA"). We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

under 28 U.S.C. § 2253 and 28 U.S.C. § 1291, and we vacate the district court's order dismissing the petition as time-barred and remand for an evidentiary hearing to determine whether Valerio is entitled to equitable tolling of the one-year limitations period.

A petitioner may be entitled to equitable tolling if he can demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotations marks and citation omitted). "Under long established principles, [a] petitioner's lack of diligence precludes equity's operation." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

On the basis of the existing record we are unable to determine whether, from the date that Valerio learned that his trial counsel had not filed a direct appeal, Valerio diligently pursued his rights by filing a prompt petition for post-conviction relief. There is an unresolved factual dispute regarding when Valerio learned that no direct appeal had been filed and, thereafter, what efforts were undertaken by Valerio to appeal his conviction.

It cannot be said that there are "no circumstances consistent with petitioner's petition and declaration under which he would be entitled . . . to equitable tolling." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc). "Because

2

determinations of . . . whether there are grounds for equitable tolling are highly fact-dependent, and because the district court is in a better position to develop the facts and assess their legal significance in the first instance, we believe the best course is to remand to the district court for appropriate development of the record." *Id.*

Accordingly, we VACATE the district court's order dismissing the petition as untimely and REMAND for an evidentiary hearing or for other further factual development as may be necessary to determine whether Valerio has exercised diligence. If the court concludes that Valerio diligently pursued his rights then it should consider whether Valerio has otherwise demonstrated that he is entitled to equitable tolling of the one-year limitations period. We need not, and do not, reach the merits of any other issue urged on appeal, including Valerio's claim that his conviction was not final until after the adjudication of his *Lozada* petition.

Valerio's Motion to Take Judicial Notice of State Court Pleadings at Docket No. 13 is GRANTED. The panel shall retain jurisdiction over any future appeal.

**VACATED AND REMANDED.**