UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER J. MUNOZ, Jr., | No. 11-17904 |
| Petitioner - Appellant, | D.C. No. 3:11-cv-00197-LRH-RAM |
| v. | District of Nevada, Reno |
| GREGORY SMITH, Warden and NEVADA ATTORNEY GENERAL, | |
| Respondents - Appellees. | ORDER |

Before: KOZINSKI, Chief Judge, and O'SCANNLAIN and N.R. SMITH, Circuit Judges.

The memorandum disposition filed in this case on April 17, 2013 is withdrawn and replaced by the memorandum disposition filed concurrently with this Order.

Appellant's petition for rehearing and rehearing en banc filed on May 1, 2013 is DENIED as moot. Subsequent petitions for rehearing or rehearing en banc respecting the new memorandum disposition may be filed in accordance with Fed. R. App. P. 35.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER J. MUNOZ, Jr., | No. 11-17904 |
| Petitioner - Appellant, | D.C. No. 3:11-cv-00197-LRH-RAM |
| v. | |
| GREGORY SMITH, Warden and NEVADA ATTORNEY GENERAL, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted April 15, 2013[**]
San Francisco, California

Before: KOZINSKI, Chief Judge, and O'SCANNLAIN and N.R. SMITH, Circuit Judges.

"The dismissal of a petition for writ of habeas corpus as time-barred is

reviewed de novo." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). While

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

"findings of fact made by the district court are to be reviewed for clear error," when, as here, "the facts underlying [the] claim for equitable tolling are undisputed, the question of whether the statute of limitations should be equitably tolled is also reviewed de novo." *Id.* Further, a "decision by the district court to decline to order an evidentiary hearing is reviewed for abuse of discretion." *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006).

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 2565. (internal citations omitted). Further, the circumstances must be "beyond a prisoner's control" and actually *cause* the untimely filing, i.e., "make it *impossible* to file a petition on time." *Ford v. Gonzalez*, 683 F.3d 1230, 1237 (9th Cir. 2012).

Additionally, "[a] habeas petitioner . . . should receive an evidentiary hearing when he makes 'a good-faith *allegation that would, if true*, entitle him to equitable tolling.'" *Roy*, 465 F.3d at 969 (quoting *Laws v. Lamarque*, 351 F.3d

2

919, 921 (9th Cir. 2003)). In determining whether a pro se petitioner's allegations warrant an evidentiary hearing, we liberally construe the allegations. *Id.* at 970.

Munoz's allegations, if true, support a finding that he was diligent in pursuing his rights. According to his allegations, he repeatedly attempted to contact his attorney to inquire about his case during the time that he was ignorant that his state proceeding was over. *See Porter v. Ollison*, 620 F.3d 952, 961 (9th Cir. 2010). He also claims he made repeated attempts to obtain the materials he needed to file his federal petition from the prison library. Accordingly, Munoz may have been diligent in pursuing his federal petition after learning the state proceeding had ended. It cannot be "conclusively established" that Munoz was not diligent. *See id.* at 954.

Next, Munoz claims that he faced at least one extraordinary circumstance that could have caused his untimely filing: an unresponsive and misleading attorney, an inability to access his case files, and limited access to the prison law library. *See e.g.*, *Holland*, 130 S. Ct. at 2563 (attorney misconduct amounting to more than negligence); *Ramirez v. Yates*, 571 F.3d 993, 997–98 (9th Cir. 2009) (no access to file); *Roy*, 465 F.3d at 973–75 (no access to the law library); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (same). On remand, the district court should determine whether these impediments constituted

3

extraordinary circumstances and support the conclusion that Munoz's untimely filing was caused thereby. *See Porter*, 620 F.3d at 961–62.

For these reasons, the district court's decision not to hold an evidentiary hearing, notwithstanding these allegations, constitutes an abuse of discretion.

It is also worth noting that in dismissing Munoz's petition, the district court apparently relied on the long-standing rule that a petitioner has no constitutional right to effective assistance of state post-conviction counsel. *See Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991). This was error under *Holland*, because, if Munoz's allegations about his repeated, ignored attempts to contact his attorney are true, they demonstrate both diligence and an extraordinary circumstance—whether or not there was a right to counsel is irrelevant. *See Holland* 130 S. Ct. at 2564-65. Thus, the district court erred insomuch as *Coleman* informed its conclusion.

Ultimately, determining the propriety of equitable tolling requires a "fact-specific inquiry." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). While the existing record suggests that Munoz was diligent and that extraordinary circumstances caused his petition to be untimely, it "does not clearly answer that question." *Id.* at 802*; see also Porter*, 620 F.3d at 960 ("Construing Porter's *pro se* habeas petition liberally, and on the facts supported by the submission presently before the court, however, it cannot be conclusively determined that Porter is not

4

entitled to equitable tolling."). Remand is appropriate, therefore, "because the district court is in a better position to develop the facts and assess their legal significance in the first instance." *Whalem/Hunt*, 233 F.3d at 1148. On remand, the district court should hold a hearing and determine whether: (1) Munoz diligently pursued his federal petition despite his alleged setbacks, and (2) whether the alleged extraordinary circumstances "caused the untimeliness of his filing and made a timely filing impossible." *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009).

**REVERSED and REMANDED**.