**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUAN VALENZUELA,

             Petitioner - Appellant,

   v.

L.S. McEWEN, Warden,

             Respondent - Appellee.

No. 10-56052

D.C. No. 2:10-cv-02428-DSF-AN

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted October 7, 2013
Pasadena, California

Before: PREGERSON, WARDLAW, and TALLMAN, Circuit Judges.

   California state prisoner Juan Valenzuela appeals the district court's

dismissal of his 28 U.S.C. § 2254 habeas corpus petition as untimely. We have

jurisdiction under 28 U.S.C. § 2253 and 28 U.S.C. § 1291. We vacate the district

court's order dismissing the habeas petition as time-barred and remand for an

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

evidentiary hearing to determine whether Valenzuela is entitled to equitable tolling.

A petitioner is entitled to equitable tolling if he can demonstrate that he has diligently pursued his rights and an extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Equitable tolling is a highly fact-intensive inquiry, and "the district court is in a better position to develop the facts and assess their legal significance." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam).

On the basis of the existing record, "it cannot be conclusively determined that [Valenzuela] is not entitled to equitable tolling." *Porter v. Ollison*, 620 F.3d 952, 960 (9th Cir. 2010). The district court's timeliness determination was made before it received a response from the custodian or held an evidentiary hearing. Accordingly, we are unable to determine whether Valenzuela's habeas counsel was retained to pursue federal habeas, and whether Valenzuela diligently pursued his rights. Thus, "we believe the best course is to remand to the district court for appropriate development of the record." *Whalem/Hunt*, 233 F.3d at 1148.

We decline to expand the certificate of appealability to include Valenzuela's "actual innocence" claim. No reasonable jurist could determine that the facts as

presented by Valenzuela constitute a credible showing of actual innocence. *See Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc).

We VACATE the district court's order dismissing the petition as untimely and REMAND for an evidentiary hearing to determine whether Valenzuela has demonstrated that he is entitled to equitable tolling.

**VACATED AND REMANDED. Each party shall bear its own costs on appeal.**