

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JIMMY NATHAN MOODY,

              Petitioner - Appellant,

  v.

DEBRA DEXTER, Warden;
CALIFORNIA DEPT. OF
CORRECTIONS, Ironwood State Prison,

              Respondents - Appellees.

No. 09-56914

D.C. No. 2:08-cv-04530-ODW-RC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted October 7, 2013
Pasadena, California

Before: PREGERSON, WARDLAW, and TALLMAN, Circuit Judges.

     California state prisoner Jimmy Nathan Moody appeals the district court's

dismissal of his 28 U.S.C. § 2254 habeas corpus petition as untimely. We have

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

jurisdiction under 28 U.S.C. § 2253 and 28 U.S.C. § 1291. We vacate the district court's order and remand for an evidentiary hearing.

A petitioner is entitled to equitable tolling if he can demonstrate that he has diligently pursued his rights and that an extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Equitable tolling is a highly fact-intensive inquiry, and "the district court is in a better position to develop the facts and assess their legal significance." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc).

The Supreme Court has also recognized that a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1932 (2013). To prevail under this standard, the petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

On the basis of the existing record, which contains neither a response from the custodian nor a transcript of an evidentiary hearing, we are unable to determine whether Moody has demonstrated diligence in pursuing his rights, or sufficiently shown actual innocence to access the distinct "fundamental miscarriage of justice" exception. Accordingly, we cannot tell whether Moody is entitled to equitable tolling or, alternatively, whether Moody has established a freestanding actual

innocence claim. Because "it cannot be conclusively determined that [Moody] is not entitled to equitable tolling," *Porter v. Ollison*, 620 F.3d 952, 960 (9th Cir. 2010), "we believe the best course is to remand to the district court for appropriate development of the record." *Whalem/Hunt*, 233 F.3d at 1148.

Accordingly, we VACATE the district court's order dismissing the petition as untimely and REMAND for an evidentiary hearing.

**VACATED AND REMANDED. Each party shall bear its own costs on appeal.**