**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRUZ A. IBARRA, | No. 12-55925 |
| Petitioner - Appellant, | D.C. No. 5:11-cv-01452-GAF |
| v. | |
| L. S. MCEWEN, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted April 16, 2014[**]

Before:    GOULD, BERZON, and BEA, Circuit Judges.

California state prisoner Cruz A. Ibarra appeals from the district court's

judgment dismissing his 28 U.S.C. § 2254 habeas corpus petition as untimely. We

have jurisdiction under 28 U.S.C. § 2253. We reverse and remand for an

evidentiary hearing on whether Ibarra is entitled to equitable tolling.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo the district court's dismissal of a habeas corpus petition as time-barred. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1025 (9th Cir. 2005). If the underlying facts are undisputed, we review de novo whether the statute of limitations under the Antiterrorism and Effective Death Penalty Act should be equitably tolled. *Id.*

Ibarra is potentially entitled to equitable tolling on the basis of the delayed certification of his *in forma pauperis* status and the law library's extended closure, because these could constitute extraordinary circumstances that prevented Ibarra from filing a timely section 2254 habeas petition. *See Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010). Ibarra has not had the opportunity to develop the factual basis of this claim. Whether the aforementioned circumstances constitute grounds for equitable tolling is a "highly fact-dependent" inquiry, *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc), that depends on whether the amount of time it took the prison to return his *in forma pauperis* certification was extraordinary, whether it was extraordinary for the prison to close for five days over the Labor Day holiday, and whether Ibarra would have completed and filed his federal petition in a timely manner absent these obstacles. If Ibarra shows that these were extraordinary circumstances, he will be entitled to equitable tolling of at least thirteen days, rendering his federal habeas

petition timely.  We therefore reverse the district court's judgment dismissing Ibarra's petition and remand for factual development of Ibarra's equitable tolling claims.  *See Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006).  On remand, the district court should also allow the parties to introduce evidence as to whether Ibarra diligently pursued his claims during the 352 days before he filed his state court post-conviction petition, to shed light on Ibarra's diligence in bringing his case before the district court.

**REVERSED and REMANDED.**