# United States Court of Appeals
## For the First Circuit

No. 13-1405

JORGE L. VAELLO-CARMONA,

Plaintiff,

LEYDA JEANNETTE MARQUEZ-NAVARRO;
ESTATE OF JORGE L. VAELLO-CARMONA;
NICHOLE JEANNETTE VAELLO-MARQUEZ;
JORGE LUIS VAELLO-MARQUEZ,

Petitioners, Appellants,

v.

SIEMENS MEDICAL SOLUTIONS USA, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Howard, Selya, and Lipez,
Circuit Judges.

Bámily López Ortiz, with whom Lopez Toro was on brief, for appellants.
Anita Montaner-Sevillano, with whom Patricia M. Marvez-Valiente and McConnell Valdés LLC were on brief, for appellee.

March 17, 2015

**LIPEZ, Circuit Judge**.  Leyda Jeannette Marquez-Navarro, Nichole Jeannette Vaello-Marquez, Jorge Luis Vaello-Marquez, and the Estate of Jorge L. Vaello-Carmona (collectively, "appellants") appeal the district court's denial of their motion to substitute themselves as plaintiffs in this case after the death of plaintiff Jorge L. Vaello-Carmona.[1]  The district court ruled that Vaello-Carmona's employment discrimination claims against defendant Siemens Medical Solutions USA, Inc. ("Siemens") were not inheritable and dismissed the case for failure to state a claim.

We agree with appellants that causes of action under Puerto Rico Law 100, P.R. Laws Ann. tit. 29, § 146 (the general employment discrimination statute), Puerto Rico Law 44, P.R. Laws Ann. tit. 1, § 505 (the employment disability discrimination statute), and Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., are inheritable under Puerto Rico law.  Hence, we vacate the district court's judgment.

**I.**

Because this case was dismissed below for failure to state a claim under Fed. R. Civ. P. 12(b)(6), we recite the facts as alleged in the complaint.  Medina-Velázquez v. Hernández-Gregorat, 767 F.3d 103, 105 (1st Cir. 2014).

---

[1] Marquez-Navarro is Vaello-Carmona's wife.  Nichole Jeannette and Jorge Luis are their children.

Vaello-Carmona was an engineer who had worked in various positions for Siemens since 1991. Siemens is one of the world's largest providers of healthcare products and services. In January 2008, Vaello-Carmona was promoted to Branch Manager, the highest position available at Siemens in Puerto Rico and the Caribbean. In June 2008, Vaello-Carmona suffered a stroke, which required intensive medical treatment and significantly affected his speech and mobility. Despite his disability, Vaello-Carmona continued to work diligently for Siemens. His sales from December 2008 to September 2009 exceeded the yearly averages in the market by twenty-five percent and gave Siemens its highest yearly volume of sales in Puerto Rico and the Caribbean.

On October 13, 2009, Vaello-Carmona was asked to meet with his supervisor Charles Wood, the Regional Vice President for Sales, to conduct his performance evaluation for the fiscal year ending on September 30, 2009. Before Vaello-Carmona was able to enter the Siemens office that morning, Wood entered his vehicle in the parking lot and informed Vaello-Carmona that he was fired, effective immediately. On October 16, 2009, Vaello-Carmona received a letter from Siemens confirming his dismissal. The letter stated that Vaello-Carmona had been laid off due to a significant decline in the market. After his termination, Vaello-Carmona's physical and mental health deteriorated further, leaving

him totally disabled at forty-six years old. On February 23, 2010, Vaello-Carmona began receiving Social Security benefits.

On March 24, 2010, Siemens notified Vaello-Carmona that the company was going to start recruiting for a position similar to the one he had previously held. However, the new position required more travel to the Caribbean islands and Florida. On March 30, 2010, Vaello-Carmona informed Siemens that he could not compete for the new position because he had become totally disabled and was receiving Social Security benefits. Notwithstanding, on April 23, 2010, Vaello-Carmona received an offer from Siemens to rehire him as the Branch Manager for Puerto Rico and the Caribbean. Vaello-Carmona declined this offer because he was totally disabled.

On July 5, 2011, Vaello-Carmona filed a complaint against Siemens, alleging disability discrimination in violation of Law 100, Law 44, and Title I of the ADA, and unlawful termination of employment in violation of Law 80, P.R. Laws Ann. tit. 29, § 185a. Vaello-Carmona claimed that Siemens fired him because of his disability, entitling him to compensatory damages, back wages, lost wages, and punitive damages. Vaello-Carmona died on August 13, 2011, about one month after filing his complaint. On January 11, 2012, appellants moved to substitute themselves in Vaello-Carmona's position in accordance with Fed. R. Civ. P. 25(a).

On July 9, 2012, the district court denied the motion and dismissed Vaello-Carmona's complaint. The court held that claims

-4-

pursuant to Law 100, Law 44, and Title I of the ADA were not inheritable and dismissed those claims with prejudice. Because the district court had disposed of the only federal claim in this case, it chose not to take supplemental jurisdiction over the Law 80 claim and dismissed it without prejudice.[2]  Appellants moved for reconsideration pursuant to Fed. R. Civ. P. 59(e).  On February 14, 2013, the district court denied the motion.

## II.

We review de novo a Rule 12(b)(6) dismissal of the plaintiff's claims.  Medina-Velázquez, 767 F.3d at 108.  We examine whether the complaint states a claim for which relief can be granted when we construe the well-pleaded facts in the light most favorable to the plaintiff, accepting their truth and drawing all reasonable inferences in the plaintiff's favor.  Id.

The sole questions on appeal are whether employment discrimination claims under Law 100, Law 44, and Title I of the ADA survive Vaello-Carmona's death.

### A. Law 100 and Law 44

The district court exercised supplemental jurisdiction over the Law 100 and Law 44 claims.  We apply Puerto Rico law to

---

[2] Law 80 "provides a severance pay remedy for an employee contracted without a fixed term, who is discharged from his/her employment without just cause."  Otero-Burgos v. Inter Am. Univ., 558 F.3d 1, 1 (1st Cir. 2009) (internal quotation marks omitted).

-5-

determine whether they are inheritable.  See Hoyos v. Telecorp Commc'ns, Inc., 488 F.3d 1, 5 (1st Cir. 2007).

Law 100 prohibits discrimination in employment.  The statute provides monetary damages to employees if their employer discriminates against them on the basis of "age . . . , race, color, sex, social or national origin, social condition, political affiliation or political or religious ideology . . . , or for being a victim or perceived as a victim of domestic violence, sexual aggression or stalking."  P.R. Laws Ann. tit. 29, § 146; see also Rodriquez Cruz v. Padilla Ayala, 125 P.R. Dec. 486, 508 (1990) ("The legislative history of [Law] 100 shows that its main objective was to protect employees in the private sector from all types of discrimination . . . ." (emphasis omitted)).  Law 44 protects employees against discrimination on the basis of physical or mental limitations.  The statute provides monetary damages to employees if their employers "put into effect or use discriminatory employment procedures, methods, or practices against persons with any kind of physical, mental or sensory disability just for the sake of said handicap."  P.R. Laws Ann. tit. 1, § 505.  As the district court stated, "the only noticeable difference between Laws 100 and 44 is that the latter is more specific as to which employees it protects."  Vaello-Carmona v. Med. Solutions USA, Inc., No. CIV. 11-1637-JAG, 2012 WL 2835536, at *3 (D.P.R. July 9, 2012); see also Rivera Flores v. Cía ABC, 138 P.R. Dec. 1, 5 (1995)

(explaining how Law 44 incorporates "the remedies, powers, and procedures" established in Law 100).

Both statutes are silent on whether claims made by an individual employee against his employer under Law 100 and Law 44 survive the death of the employee. In <u>Sucesión Álvarez</u> v. <u>Secretario de Justicia</u>, 150 P.R. Dec. 252 (2000), the Puerto Rico Supreme Court provided guidance on whether a claim under Puerto Rico law is inheritable. The court held that the amount a deceased public official accrued in sick leave is transmissible to his heirs. <u>Id.</u> at 264. In doing so, the Puerto Rico Supreme Court delineated which types of claims survive an individual's death and which do not.

The court first recognized that the Puerto Rico Civil Code "does not contain a uniform rule about the assets, rights and obligations that are transmissible by inheritance and those which, because they are very personal, conclude with the life of their owner." <u>Id.</u> at 267 (internal quotation marks omitted). Absent a uniform statutory rule, the court relied on a treatise by Spanish commentator José Puig Brutau when setting forth the general standard for survivorship claims under Puerto Rico law. <u>See</u> <u>id.</u> (citing 1 J. Puig Brutau, <u>Fundamentos de Derecho Civil</u> 4463 (2d ed. 1975)). Adopting Puig Brutau's commentary, the court stated:

> [T]here are transmissible by inheritance, among others: the patrimonial rights; the rights of a partner in capital partnerships; the quality of partner in a partnership of

-7-

persons; the action to claim legitimate filiation; the action to contest the juridical acts or businesses entered into by the deceased in fraud of the legitimate; the different modalities of industrial property; copyright; obligations, except those of a very personal nature or when the same involve a non-expendable consideration; funeral property; **[and] the right of the deceased to obtain indemnification for the damages that were caused to him during his life.**

Id. at 267-68 (emphasis added).

Law 100 and Law 44 provide monetary compensation to an employee for "damages that were caused to him during his life" due to discrimination from his employer. Id. at 268. Therefore, according to Sucesión Álvarez, claims asserted pursuant to these antidiscrimination statutes are inheritable under Puerto Rico law.

The district court agreed that "Sucesión Álvarez would seem to approve of the transmissibility of plaintiff's claims in this case." Vaello-Carmona, 2012 WL 2835536, at *2. However, the court found that Law 100 and Law 44 do not survive Vaello-Carmona's death because rights under these statutes are "very personal rights." Id. at *3-4 (internal quotation marks omitted). Siemens agrees with the district court's analysis and argues that the Puerto Rico Supreme Court's decisions in Santini Rivera v. Serv Air, Inc., P.R. Offic. Trans., 1994 WL 909527 (P.R. 1994), and Cruz Roche v. De Jesús Colón, 182 P.R. Dec. 313 (2011), support its position.

-8-

In <u>Santini Rivera</u>, the parents and girlfriend of an employee, Ramón A. Santini Rivera ("Santini"), appeared as co-plaintiffs in Santini's lawsuit against his employer, Serv Air, Inc. 1994 WL 909527. Santini alleged that Serv Air, Inc. violated Law 100 by denying him positions in the company because of his national origin and subjecting him to "harassment, persecution, hounding, and discrimination," which caused him mental anguish and forced him to quit his job. <u>Id.</u> His parents and girlfriend attempted to bring their own cause of action under Law 100 against Serv Air, Inc. for the harm they experienced as a consequence of the discrimination suffered by Santini at his workplace. <u>Id</u>. They alleged that "they had suffered serious mental anguish when they saw the depressive state that [Santini] was in." <u>Id.</u> (Naveira de Rodón, J., concurring in part and dissenting in part). The Puerto Rico Supreme Court found that the relatives did not have standing to bring their own cause of action under Law 100. <u>Id.</u> The court stated that Law 100 "<u>has nothing to do . . . with third persons or with other persons that are not employees</u>. . . . Since the Act does not apply to [a worker's relatives], it cannot become a source of rights for said relatives."[3] <u>Id.</u> (emphasis in original).

---

[3] The Puerto Rico Supreme Court also held that Santini's relatives "would have a cause of action under sec. 1802 of the Puerto Rico Civil Code." <u>Santini Rivera</u>, 1994 WL 909527; <u>see also</u> <u>id.</u> ("[T]he relatives of an employee who has been a victim of [Law] 100 discriminatory treatment at the hands of his employer have a cause of action under Civil Code sec. 1802 to be compensated for the harm resulting from said employment discrimination."). Section

Similarly, in Cruz Roche, the Puerto Rico Supreme Court held that the ex-husband of an employee did not have standing to intervene in his former wife's lawsuit asserting a Law 100 claim, which concerned conduct that allegedly took place while the couple was still married. 182 P.R. Dec. at 324. The court stated that Law 100 "is very personal in nature; that is, it protects and benefits only the employee who is discriminated and not the progeny or the close relatives of the same." Id. at 320; see also id. at 324 ("[E]ven though there is a conjugal amount in the lump sum granted as compensation pursuant to Law No. 100, the cause of action continues to be very personal while there is no final and binding judgment that disposes of the action.").

Santini Rivera and Cruz Roche are distinguishable from the present case. Neither case holds that Law 100 claims assert "very personal rights" that are not inheritable under Puerto Rico law. They merely stand for the proposition that relatives of an aggrieved individual are not entitled to their own cause of action (or to intervene on their own behalf) under Law 100 because of the personal nature of Law 100 claims. In this case, appellants do not attempt to assert their own Law 100 claims. Instead, they seek to substitute themselves as plaintiffs in order to assert

---

1802 is a broad tort law that compensates individuals who are damaged by "an act or omission . . . through fault or negligence." P.R. Laws Ann. tit. 31, § 5141.

-10-

Vaello-Carmona's claims against Siemens.  Nothing in <u>Santini Rivera</u> or <u>Cruz Roche</u> forecloses their ability to do so.

It is true that <u>Sucesión Álvarez</u> states that rights that "are not transmissible by inheritance" include "those that are very personal."  150 P.R. Dec. at 268.  Because the Puerto Rico Supreme Court has described Law 100 as "very personal in nature," <u>Cruz Roche</u>, 182 P.R. Dec. at 320, Siemens contends that Law 100 claims cannot be inheritable.  However, in <u>Widow of Delgado</u> v. <u>Bos. Ins. Co.</u>, the Puerto Rico Supreme Court detailed which "very personal rights" do not survive an individual's death.  1 P.R. Offic. Trans. 823, 830 (1973).  These "very personal rights" include "the right to usufruct, use, habitation, life annuities, patria potestas, support, tutorship, personal servitudes, certain labor and services contracts, the action to dispute legitimacy of child, and the action granted the donor for causes of ingratitude, and those rights and obligations which are extinguished by agreement upon the death of the contractor."  <u>Id.</u>  The court concluded that a tort claim under P.R. Laws Ann. tit. 31, § 5141, "is not in the list of very personal rights which die with the person."  <u>Id.</u>  Similarly, employment discrimination claims under Law 100 and Law 44 are not "in the list of very personal rights" that cannot be inherited.  To hold otherwise would be to contradict <u>Sucesión Álvarez</u>'s clear statement that the rights "of the deceased to obtain indemnification for the damages that were caused to him during his

-11-

life" are inheritable. 150 P.R. Dec. at 268. Therefore, we hold that Vaello-Carmona's Law 100 and Law 44 claims survive his death, and the district court erred when it denied appellants' motion to substitute themselves as plaintiffs in this case.

## B. Title I of the ADA

Vaello-Carmona has also asserted an employment discrimination claim under Title I of the ADA. When a cause of action arises from a federal statute, we generally apply federal law to determine whether that claim survives the plaintiff's death. See Carlson v. Green, 446 U.S. 14, 23 (1980). The survival of claims under federal law depends in the first instance on whether there is an applicable federal survival statute.[4] However, "[t]here is no general survival statute for federal-question cases," and the ADA is silent as to whether a Title I claim is inheritable. 7C Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1954 (3d ed. 2007). Without statutory guidance, the lower courts are split as to whether to evaluate the survival of an ADA claim under federal common law or the law of the state in which the court hears the claim.[5] We do

---

[4] For example, Congress explicitly provides that an action under the Federal Employers' Liability Act will survive the death of an employee. See 45 U.S.C. § 59 (stating that "[a]ny right of action given by this chapter to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee").

[5] The dispute turns on whether 42 U.S.C. § 1988 applies to the ADA. Section 1988 instructs courts to apply state law when there

-12-

not need to resolve this dispute because the parties agree that Puerto Rico law should apply to the ADA claim. Therefore, we assume, without deciding, that Puerto Rico law governs. See, e.g., Ji v. Bose Corp., 626 F.3d 116, 129 (1st Cir. 2010) (assuming, without deciding, that legal standard applies where "both parties agree that the standard . . . was correct").

Title I of the ADA protects employees with disabilities against discrimination. The statute allows for monetary damages to qualified employees with disabilities if they are discriminated against "on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a); see also Rederford v. U.S. Airways, Inc., 589 F.3d 30, 37 (1st Cir. 2009) (citing 42 U.S.C. § 12117) (stating that "Title I of the ADA explicitly provides for the same remedies available for employment

---

are legislative gaps in remedies provided for in certain types of federal civil rights violations. See Robertson v. Wegmann, 436 U.S. 584, 588 (1978). Some courts interpret § 1988 as applying to the ADA, and, therefore, apply state law to determine whether an ADA claim is inheritable. See, e.g., Cardella v. CVS Caremark Corp., No. 3:08-CV-1656-M, 2010 WL 1141393, at *1 (N.D. Tex. Mar. 25, 2010); Rosenblum v. Colo. Dep't of Health, 878 F. Supp. 1404, 1408-09 (D. Colo. 1994). Others find that the ADA is not among the enumerated statutes explicitly listed in § 1988, and, hence, apply federal common law. See, e.g., Kettner v. Compass Group USA, Inc., 570 F. Supp. 2d 1121, 1126-33 (D. Minn. 2008); Hanson v. Atl. Research Corp., No. 4:02-CV-00301-SMR, 2003 WL 430484, at *4 (E.D. Ark. Feb. 14, 2003). For purposes of § 1988, Puerto Rico is the functional equivalent of a state.

discrimination suits in Title VII of the Civil Rights Act of 1964," which includes monetary damages).

Just as with Law 100 and Law 44, claims arising under Title I of the ADA provide monetary compensation to an employee for "damages that were caused to him during his life" due to discrimination from his employer. Sucesión Álvarez, 150 P.R. Dec. at 268; see also Ruiz Rivera v. Pfizer Pharmaceuticals, 521 F.3d 76, 87 (1st Cir. 2008) (stating that Law 44 is "the Puerto Rico analogue to the ADA"). Therefore, applying Puerto Rico law, we hold that Vaello-Carmona's employment discrimination claim under Title I of the ADA is inheritable.

## C. Law 80

After dismissing the Law 100, Law 44, and Title I of the ADA claims, the district court dismissed Vaello-Carmona's pendent Law 80 claim without prejudice. Because we conclude the district court erred with regard to the other claims, we also vacate the dismissal of the Law 80 claim.

### III.

For the reasons stated above, we vacate the district court's dismissal of Vaello-Carmona's Law 100, Law 44, Law 80, and Title I of the ADA claims, and remand for proceedings consistent with this decision.

Costs to appellants.

So ordered.

-14-