**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4727**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OSSIE CANSECO-BENITEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:19-cr-00153-CCE-1)

Submitted:  March 11, 2020                           Decided:  March 16, 2020

Before AGEE and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Aaron B. Wellman, IVEY, MCCLELLAN, GATTON & SIEGMUND, LLP, Greensboro, North Carolina, for Appellant.  Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ossie Canseco-Benitez pled guilty to illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) (2018), and the district court sentenced him to 15 months' imprisonment and 1 year of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but presenting three questions for review: (1) whether the district court erred by denying Canseco-Benitez's motion to dismiss the indictment;[*] (2) whether the court erred by denying Canseco-Benitez's request for a downward departure; and (3) whether Canseco-Benitez's sentence is reasonable and complies with *United States v. Booker*, 543 U.S. 220 (2005). Although advised of his right to file a supplemental pro se brief, Canseco-Benitez has not done so. The Government declined to file a response brief. We affirm.

In his motion to dismiss, Canseco-Benitez claimed that the indictment was defective under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), because it failed to establish that he was previously deported on a valid deportation order. According to Canseco-Benitez, the immigration judge who deported him lacked jurisdiction to enter the deportation order because his notice to appear at the removal hearing failed to provide a date or time for the hearing. Canseco-Benitez acknowledged that he subsequently received notice of the date

---

[*] In his plea agreement, Canseco-Benitez reserved his right to appeal the district court's denial of his motion to dismiss the indictment.

and time of the hearing and that he appeared at the hearing, but he claimed that this subsequent notice did not cure the defective initial notice.

As defense counsel acknowledges in the *Anders* brief, we recently addressed this precise issue in *United States v. Cortez*, 930 F.3d 350 (4th Cir. 2019). In *Cortez*, we held that, whether a case is properly docketed with the immigration court turns on a docketing rule, 8 C.F.R. § 1003.14(a) (2019), and a violation of that rule does not deprive an immigration court of authority to adjudicate a case. *Cortez*, 930 F.3d at 355. Moreover, failure to include a hearing date and time on a notice to appear does not establish a violation of § 1003.14(a). *Id.* at 363-66. Accordingly, Canseco-Benitez's challenge to the denial of his motion to dismiss is foreclosed by *Cortez*.

Defense counsel next questions whether the district court erred by denying Canseco-Benitez's request for a downward departure. "We are unable, however, to review a sentencing court's decision not to depart unless the court mistakenly believed that it lacked the authority to do so." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Here, as in *Louthian*, the district court considered Canseco-Benitez's request for a downward departure but concluded that none was appropriate. "Because the court understood its authority, but declined to exercise it on the facts of this case," *id.*, Canseco-Benitez cannot contest the district court's decision not to depart downward.

Finally, defense counsel questions the reasonableness of Canseco-Benitez's sentence. "We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) [(2018)] using an abuse-of-discretion standard, regardless of 'whether the sentence is inside, just outside, or significantly outside the Guidelines range.'" *United States v. Lymas*, 781 F.3d

3

106, 111 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007) (alteration omitted)). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) sentencing factors, and sufficiently explained the selected sentence. *Id.* at 111-12. After determining that the sentence is procedurally reasonable, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *Louthian*, 756 F.3d at 306. "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Our review of the sentencing transcript reveals no significant procedural or substantive errors. The district court allowed the parties to present arguments, gave Canseco-Benitez the opportunity to allocute, considered the 18 U.S.C. § 3553(a) sentencing factors, and explained the selected sentence. Moreover, the court adequately addressed Canseco-Benitez's requests for a downward departure and arguments for a lesser sentence. Regarding substantive reasonableness, Canseco-Benitez fails to rebut the presumption that his within-Guidelines-range sentence is substantively reasonable. *See Louthian*, 756 F.3d at 306.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This

4

court requires that counsel inform Canseco-Benitez, in writing, of the right to petition the Supreme Court of the United States for further review. If Canseco-Benitez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Canseco-Benitez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*