ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| JOSÉ E. RUIZ MATTEI<br>Apelante<br><br>v.<br><br>COMMERCIAL EQUIPMENT FINANCE, INC.<br>Apelados | KLAN202300489 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2020CV00965<br><br>Sobre: Despido Injustificado; Discrimen por Edad |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda del Toro y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de julio de 2023.

Comparece ante *nos*, la parte apelante y nos solicita que revisemos y revoquemos la *Sentencia* emitida y notificada el 30 de mayo de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. Mediante dicho dictamen, el TPI declaró *No Ha Lugar* la *Solicitud de Sustitución de Parte*, que presentó la parte apelante y *Ha Lugar* la *Oposición a Solicitud de Sustitución de Parte y Solicitud de Desestimación,* que presentó Commercial Equipment Finance, Inc., (Commercial Equipment).

Por los fundamentos que expondremos a continuación, *revocamos* la *Sentencia* apelada.

**I.**

El 4 de febrero de 2020, José E. Ruiz Mattei (Ruiz Mattei) presentó una *Querella* en contra de Commercial Equipment sobre despido injustificado y discrimen por edad al amparo del procedimiento sumario establecido en la Ley Núm. 2 del 17 de octubre de 1961. En apretada síntesis, alegó que trabajó para la parte apelada ininterrumpidamente desde mayo de 2013 hasta el 10

de enero de 2020. Sostuvo que, mientras trabajó para la parte apelada tuvo un desempeño y ejecutoria excelente. Arguyó que, luego de una reunión con la Gerente de Recursos Humanos, fue despedido injustificadamente. Aseveró que, nunca había sido amonestado o señalado por problemas en su desempeño y que su ejecutoria había sido reconocida por sus superiores.

Asimismo, Ruiz Mattei señaló que poco antes de su despido la parte apelada contrató a un empleado de veintiocho (28) años que está haciendo las mismas funciones que hacía en la empresa. Añadió que, su edad fue un factor determinante en la decisión de su despido. Consecuentemente, solicitó la reinstalación en su empleo, los salarios dejados de devengar, daños y sufrimientos mentales, honorarios de abogado, costas, gastos e intereses.

Posteriormente, el 24 de febrero de 2020, la parte apelada presentó una *Contestación a la Querella*. En la misma, adujo que luego de concluir la investigación se le notificó a Ruiz Mattei la determinación de despedirlo. Expresó que, el apelante incurrió en un patrón de conducta impropia, tuvo un desempeño deficiente y negligente en su función como supervisor y violó reiteradamente las reglas y reglamentos establecidos en el funcionamiento del establecimiento. Indicó, además, que la edad de Ruiz Mattei no fue un factor en la determinación de despedirlo, por lo cual, no lo discriminó por su edad.

Luego de varios incidentes procesales, el 13 de enero de 2023, el apelado presentó una *Moción Solicitando Suspensión de Vista en su Fondo*. En esta, le informó al TPI, entre otras cosas, que Ruiz Mattei había fallecido. El 13 de enero de 2023, el TPI emitió una *Orden* notificada el 17 de enero de 2023, mediante la cual les concedió a las partes diez (10) días para que le informasen el curso de acción a seguir incluyendo, pero sin limitarse a, solicitar la sustitución de la parte apelante.

El 23 de enero de 2023, la parte apelante presentó una *Moción* mediante la cual informó al TPI que sus herederos interesaban continuar promoviendo la acción y que se encontraban en trámites de realizar la Declaratoria de Herederos. Subsiguientemente, el 3 de mayo de 2023, la parte apelante presentó una *Moción de Sustitución de Parte* mediante la cual solicitó la sustitución de Ruiz Mattei por sus herederos.

Consecuentemente, el 9 de mayo de 2023, la parte apelada presentó una *Oposición a Moción de Sustitución de Parte y Moción de Desestimación*. A grandes rasgos, adujo que procede la desestimación de la *Querella* que presentó Ruiz Mattei. Manifestó que, las causas de acción por despido injustificado y discrimen por edad reclamadas por Ruiz Mattei son personalísimas y solo él tenía legitimación activa para incoarlas, litigarlas o transarlas. Esbozó que, dichas causas de acción no se heredan, sino que se extinguen por su muerte.

Así las cosas, el 30 de mayo de 2023, el TPI emitió una *Sentencia* mediante la cual declaró *No Ha Lugar* la *Solicitud de Sustitución de Parte*, que presentó la parte apelante y *Ha Lugar* la *Oposición a Solicitud de Sustitución de Parte y Solicitud de Desestimación,* que presentó la parte apelada. El TPI razonó que, las causas de acción que presentó Ruiz Mattei en su *Querella* por concepto de despido injustificado y discrimen por edad son de naturaleza reparadora y personalísima y no están sujetas a ser heredadas, sino que se extinguen por su muerte. Destacó que, solo Ruiz Mattei tenía legitimación activa para incoarlas, litigarlas o transarlas.

Asimismo, el TPI concluyó que ante la inexistencia de una relación laboral entre las partes desde antes de presentarse la *Querella* – al amparo de cuya relación Ruiz Mattei hubiera realizado labores y/o devengado salarios que no le fueron pagados – y ante la

inexistencia de una determinación judicial mediante la cual ya se hayan adjudicado los reclamos laborales de Ruiz Mattei a su favor, el Tribunal no puede determinar que sus causas de acción por concepto de despido injustificado y discrimen por edad constituyan bienes patrimoniales de este que puedan transferirse a sus herederos y/o sucesores.

Inconforme con esa determinación, el 5 de junio de 2023, la parte apelante acudió ante *nos* mediante un recurso de apelación y señaló la comisión de los siguientes errores:

1. **Erró el TPI al denegar la sustitución de parte.**

2. **Erró el TPI al desestimar la presente querella laboral.**

3. **Erró el TPI al adjudicar que una causa de acción bajo la Ley 80 y Ley 100 no es transmisible *mortis causa*.**

Examinado el recurso de apelación, el 13 de junio de 2023, este Tribunal emitió una *Resolución* concediéndole un término de veinte (20) días a la parte apelada para que presentara su posición al recurso. El 29 de junio de 2023, la parte apelada presentó su *Alegato de la Parte Apelada.* Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. Sustitución de parte**

La Regla 22.1 de Procedimiento Civil (32 LPRA Ap. V) establece que,

(a) Si una parte fallece y la reclamación queda por ello extinguida, se dictará sentencia para desestimar el pleito.

(b) Si una parte fallece y la reclamación no queda por ello extinguida, cualquiera de las partes en el procedimiento o sus abogados o abogadas notificarán el fallecimiento al tribunal y a otras partes dentro del término de treinta (30) días, contados desde la fecha cuando se conozca tal hecho. El tribunal, a solicitud hecha dentro de los noventa (90) días siguientes a la fecha de dicha notificación, ordenará la sustitución de la parte fallecida por las partes apropiadas. Los y las causabientes o representantes podrán presentar la solicitud de sustitución del finado o de la finada, y dicha solicitud se notificará a las partes en la forma dispuesta en la Regla 67 y a las que no lo sean en la forma que dispone la Regla 4. La demanda se enmendará a los únicos fines de conformar la sustitución e incorporar las nuevas partes al pleito. Transcurrido el término sin que se haya solicitado la sustitución, se dictará sentencia para desestimar el pleito sin perjuicio.

(c) De fallecer una o más partes demandantes, o uno o más partes demandadas, que fueron partes en un pleito en que el derecho reclamado subsista solo a favor de las demandantes o contra las partes demandadas que sobrevivan, el pleito no finalizará.

> Se notificará al tribunal el hecho de la muerte y el pleito continuará a favor o contra las partes sobrevivientes.

Según ha establecido nuestro máximo Foro, el propósito de la Regla 22.1 de Procedimiento Civil, *supra*, es establecer un mecanismo procesal mediante el cual, cuando una parte fallece y la acción no queda por ello extinguida, el pleito pueda continuar a favor o en contra de la parte realmente interesada. *Echevarría Jiménez v. Sucn. Pérez Meri*, 123 DPR 664, 684-685 (1989). Así pues, se atiende así el interés público de que los asuntos en los tribunales se solucionen de forma expedita, evitando el perjuicio que la dilación pueda causar a las partes. Íd. Según la Regla 22.1 de Procedimiento Civil, *supra*, la sustitución de partes no es discrecional y procede siempre que, con relación a la solicitud de sustitución, se haya cumplido con el trámite procesal provisto en la regla. Íd.

### B. Causa de acción transmisible *mortis causa*

La Ley contra el Discrimen en el Empleo, Ley Núm. 100 de 30 de junio de 1959, según enmendada, (29 LPRA sec. 146 *et seq.*), prohíbe el discrimen en el empleo por razón de edad, raza, color, sexo, origen social o nacional, condición social, afiliación política, ideas políticas o religiosas, o por ser víctima o ser percibida como víctima de violencia doméstica, agresión sexual o acecho. Así, la Ley Núm. 100-1959, *supra*, fue creada para ofrecer una eficaz protección a los trabajadores contra diversos tipos de discrimen en el ámbito laboral. *Mestres Dosal v. Dosal Escandón*, 173 DPR 62, 68 (2008). Consecuentemente, la Ley Núm. 100-1959, *supra*, provee una compensación económica por los daños sufridos por un empleado que fue discriminado en su empleo. Artículo 1 de la Ley Núm. 100-1959, *supra.*

En *Maldonado v. Banco Central Corp.*, 138 DPR 268 (1995) el Tribunal Supremo estableció que "[...] la Ley Núm. 100 es una legislación protectora de empleados y solicitantes de empleo; tiene como propósito eliminar los discrímenes existentes en la relación

obrero-patronal. Por tanto, s[o]lo el empleado puede reclamar por discrimen bajo esta legislación." Íd., a la pág. 274. De igual manera, aclaró que la acción al amparo del Artículo 1802 del Código Civil (31 LPRA ant. sec. 5141) de los parientes de un empleado discriminado es una "acción separada y contingente." Íd., a la pág. 276.

Asimismo, la Ley Sobre Despidos Injustificados, Ley Núm. 80 de 30 de mayo de 1976, según enmendada, (29 LPRA sec. 185 *et seq.*), protege a todo empleado contratado sin tiempo determinado que fuere despedido de su cargo sin justa causa. El propósito de la Ley Núm. 80-1976, *supra*, es garantizar que los empleados despedidos sin justa causa tengan derecho a recibir de su patrono una compensación correspondiente a un mes de sueldo más una indemnización adicional progresiva equivalente a por lo menos una semana de sueldo por cada año de servicio. Exposición de Motivos de la Ley Núm. 80-1976, *supra.* Dicha legislación tiene un carácter reparador al proveer remedios para los daños que puede haberle causado a un cesanteado un despido injustificado. *Díaz v. Wyndham Hotel Corp.*, 155 DPR 364 (2001). Véase, además, *Irizarry v. J & J Cons. Prods. Co., Inc.*, 150 DPR 155 (2000); *Alvira Cintrón v. SK & F Laboratorios*, 142 DPR 803 (1997).

De otro lado, la sucesión es la transmisión de los derechos y obligaciones del difunto a sus herederos. Artículo 599 del Código Civil (31 LPRA ant. sec. 2081).[1] La sucesión no solamente incluye los derechos y obligaciones del difunto, tales como existían al tiempo de su muerte, sino que también comprende los bienes que correspondan a dicha sucesión después de abierta y las cargas y obligaciones que le fueren inherentes. Artículo 601 del Código Civil (31 LPRA ant. sec. 2083). Así, los derechos a la sucesión de una persona se transmiten desde el momento de su muerte. Artículo 603 del Código Civil (31 LPRA ant. sec. 2085). Por lo tanto, la herencia

---

[1] Cualquier mención subsiguiente al Código Civil de Puerto Rico se entenderá que es a su edición de 1930 aplicable a los hechos del presente caso.

comprende todos los bienes, derechos y obligaciones de una persona, que no se extingan por su muerte. Artículo 608 del Código Civil (31 LPRA ant. sec. 2090).

En torno a la transmisibilidad de los derechos y obligaciones, en *Sucesión Álvarez v. Srio. de Justicia*, 150 DPR 252 (2000), nuestro máximo Foro hizo referencia al tratadista español José Puig Brutau e indicó que son transmisibles por herencia, entre otros: los derechos patrimoniales; los derechos del socio en las sociedades de capitales; la cualidad de socio en las sociedades de personas; la acción para reclamar la filiación legítima; la acción para impugnar los actos o negocios jurídicos realizados por el causante en fraude de la legítima; las diversas modalidades de la propiedad industrial; el derecho de autor; las obligaciones, salvo las de carácter personalísimo o cuando se trata de una prestación infungible; la propiedad funeraria; **el derecho del causante a obtener indemnización por los daños y perjuicios que le hayan ocasionado en vida**. (Énfasis nuestro). "Por el contrario, no son transmisibles por herencia: las relaciones jurídicas de carácter público, las personalísimas y las de contenido patrimonial de duración vitalicia; los derechos reales de carácter vitalicio; algunos derechos de crédito; los derechos y deberes que integran las relaciones familiares, excepto los de contenido exclusivamente patrimonial y transmisible; los derechos que emergen de un contrato de arrendamiento; los derechos obtenidos como beneficiario en virtud de la legislación de accidentes del trabajo; el derecho al nombre; las cantidades que el asegurador deba entregar al asegurado, en cumplimiento del contrato." Íd., a las págs. 267 y 268.

Con relación a la controversia que nos atañe, tanto la Ley Núm. 100-1959, *supra,* como la Ley Núm. 80-1976, *supra,* guardan silencio sobre si una reclamación hecha por un empleado al amparo de dichas leyes es transmisible por herencia. En *Sucesión Álvarez v.*

*Srio. de Justicia, supra,* el Tribunal Supremo citando al tratadista Lacruz Berdejo expresó que,

> [n]o solo se transmiten los derechos subjetivos ya nacidos, sino también los *in fieri* .... [E]l art. 661 proclama que la sucesión a título universal transmite al heredero el conjunto de las relaciones jurídicas del causante que no se extinguen, por razón de su propia naturaleza, con su muerte, y por tanto ha de operarse la transmisión en todas sus obligaciones; pero también en todos sus derechos, ya estén consolidados o en vías de consolidación; pues cuando la posibilidad de ejercitar un derecho depende del transcurso de un plazo al morir el causante, el heredero podrá ejercitarlo cuando transcurra dicho plazo, incluso sin esperar a la adjudicación ... y si esta posibilidad existe en cuanto a derechos que pudo ejercitar en vida el causante, ha de estar legitimado con mayor razón al suceder en aquellos cuyas acciones pudo ejercitar dicho causante, aun cuando por las razones que fuera no las hubiera ejercitado.

Además, en *Sucesión Álvarez v. Srio. de Justicia, supra,* nuestro máximo Foro determinó que,

> el Art. 608 del Código Civil, *supra,* dispone que todos los bienes o derechos patrimoniales, existentes a la fecha de la muerte del causante, son transmisibles. En vista de que la licencia acumulada por enfermedad y no utilizada por el fenecido Gilberto Álvarez Crespo es un bien patrimonial, debe transmitirse a sus herederos.

Por su parte, en *Consejo de Titulares v. CRUV*, 132 DPR 707 (1993), el Tribunal Supremo definió el término *patrimonio* como "el conjunto de derechos y obligaciones pertenecientes a una persona, apreciable en dinero". Véase, además, *Vda. de Delgado v. Boston Ins. Co.,* 101 DPR 598, 606 (1973). Acto seguido, nuestro máximo Foro razonó que la causa de acción por las angustias y sufrimientos del causante se conceptúa un bien patrimonial susceptible de ser transmitido a los herederos. *Consejo de Titulares v. CRUV, supra.* Así, citando a Puig Brutau estableció que "[n]o hay duda, entonces, que el derecho del causante a obtener indemnización por los daños sufridos es un bien transmisible a los herederos, pues, en definitiva, es un derecho de crédito perfectamente transmisible al amparo de las reglas generales que regulan la transmisibilidad de los derechos". *Consejo de Titulares v. CRUV, supra.*

Así pues, en *Vaello-Carmona v. Siemens Medical Solutions USA, Inc.,* 781 F.3d 1 (1er Cir. 2015), el primer circuito de Estados Unidos, ante una controversia similar a la que nos ocupa, determinó que,

> *Santini Rivera* and *Cruz Roche* are distinguishable from the present case. Neither case holds that Law 100 claims assert "very personal rights" that are not inheritable under Puerto Rico law. They merely stand for the proposition that relatives of an aggrieved individual are not entitled to their own cause of action (or to intervene on their own behalf) under Law 100 because of the personal nature of Law 100 claims. In this case, appellants do not attempt to assert their own Law 100 claims. Insted, they seek to substitute themselves as plaintiffs in order to assert Vaello-Carmona's claims against Siemens. Nothing in Santini Rivera or Cruz Roche forcloses their ability to do so.[2]

Asimismo, el primer circuito añadió que,

> It is true that *Sucesión Álvarez* states that rights that "are not transmissible by inheritance" include "those that are very personal". 150 P.R. Dec. at 268. Because the Puerto Rico Supreme Court has described Law 100 as "very personal in nature" *Cruz Roche*, 182 P.R. Dec. at 320, Siemens contends that Law 100 claims cannot be inheritable. However, in *Widow of Delgado v. Bos. Ins. Co.*, the Puerto Rico Supreme Court detailed which "very personal rights" do not survive an individual's death. 1 P.R. Offic. Trans. 823, 830, 101 D.P.R. 598 (1973). [...] Similarly, employment discrimination claims under Law 100 and Law 44 are not "in the listo f very personal rights" that cannot be inherited. To hold otherwise would be to contradict *Sucesión Álvarez* clear statement that the rights "of the deceased to obtain indemnification for the damages that were caused to him during his life" are inheritable. 150 P.R. Dec. at 268. Therefore, we hold that Vaello-Carmona's Law 100 and Law 44 claims survive his death, and the district court erred when it denied appellants' motion to substitute themselves as plaintiffs in this case.

### III.

Como indicamos, el apelante alegó que erró el TPI al denegar la sustitución de parte, desestimar la *Querella* y al adjudicar que una causa de acción bajo la Ley Núm. 80-1976, *supra*, y la Ley Núm. 100-1959, *supra*, no es transmisible *mortis causa*. Por estar íntimamente relacionados, discutiremos los tres (3) señalamientos de error de forma conjunta. *Veamos*.

Nos corresponde resolver si incidió el TPI al desestimar la *Querella* de la parte apelante por el fallecimiento de Ruiz Mattei y si procedía o no la sustitución de parte a tenor con lo establecido en la Regla 22.1 de Procedimiento Civil, *supra*. En la *Sentencia* emitida el foro de instancia concluyó que las causas de acción del apelante – entre las que están la acción por despido injustificado y discrimen por edad – son de naturaleza reparadora y personalísima y no están sujetas a ser heredadas, sino que se extinguen por su muerte. Explicó el TPI que, solo Ruiz Mattei tenía legitimación activa para

---

[2] Véase, *Cruz Roche v. De Jesús Colón*, 182 DPR 313 (2011); *Santini Rivera v. Serv. Air, Inc.*, 137 DPR 1 (1994).

incoarlas, litigarlas o transarlas. Además, el TPI esbozó que a diferencia de los hechos que motiaron la determinación emitida por el Tribunal Supremo en *Sucesión Álvarez v. Srio. de Justicia, supra,* los reclamos de despido injustificado y discrimen por edad presentados por el apelante no constituyen un beneficio marginal común y corriente de un empleado que ya está acumulado y no fue utilizado.

Asimismo, esgrimió el TPI en la *Sentencia* apelada que ante la inexistencia de una relación laboral entre las partes desde antes de presentarse la *Querella* – al amparo de cuya relación el apelante hubiera realizado labores y/o devengado salarios que no lo fueron pagados – y ante la inexistencia de una determinación judicial mediante la cual ya se hayan adjudicado los reclamos laborales del apelante a su favor, el Tribunal no puede determinar que las causas de acción por concepto de despido injustificado y discrimen por edad constituyan bienes patrimoniales de este que puedan transferirse a sus herederos y sucesores.

Según el derecho que antecede, tanto la Ley Núm. 80-1976, *supra,* como la Ley Núm. 100-1959, *supra,* tienen un carácter reparador por los daños ocasionados al empleado como consecuencia de un despido injustificado y de discrimen en el empleo, respectivamente. Se trata, pues, de un resarcimiento establecido y, a su vez, limitado por las propias leyes que lo crean. Ambas leyes proveen un remedio económico como indemnización por el daño o perjuicio causado. Como tal, es un derecho patrimonial del empleado.

En el caso de epígrafe, la parte apelante ejerció su acción para la reinstalación en su empleo, los salarios dejados de devengar, daños y sufrimientos mentales, honorarios de abogado, costas, gastos e intereses. Es decir, presentó una reclamación para vindicar sus derechos bajo la Ley Núm. 80-1976, *supra,* y la Ley Núm. 100-

1959, *supra.* No obstante, estando pendiente su reclamación, Ruiz Mattei falleció. En el caso ante *nos,* la causa de acción del apelante había sido ejercitada; por lo cual, fallecido este, sus herederos por el solo hecho de la muerte, suceden al difunto en todos sus derechos y obligaciones.

Según indicamos, la Regla general es la naturaleza transmisible de todos los elementos integrantes del patrimonio de una persona fallecida. Como norma general, las reparaciones económicas y/o indemnizaciones en daños forman parte de ese patrimonio, así como las obligaciones. Entre estas, están incluidas, la causa de acción sobre daños y perjuicios, la cual, tal como el remedio provisto en la Ley Núm. 80-1976, *supra*, y la Ley Núm. 100-1959, *supra,* es una indemnización en daños y se ha reconocido como un derecho patrimonial transmisible por herencia. También, se ha reconocido como un bien patrimonial transmisible a sus herederos las licencias acumuladas por enfermedad por un funcionario público fenecido. Véase, *Sucesión Álvarez v. Srio. de Justicia, supra.*

Así pues, concluimos que erró el TPI al desestimar la *Querella* y al adjudicar que una causa de acción bajo la Ley Núm. 80-1976, *supra*, y bajo la Ley Núm. 100-1959, *supra,* no están sujetas a ser heredadas. Las causas de acción bajo la Ley Núm. 80-1976, *supra*, y bajo la Ley Núm. 100-1959, *supra*, podían continuar ejercitándose y no desaparecieron con la muerte de Ruiz Mattei; pues se trata de unos daños que, presuntamente, le fueron causados en vida y cuya reparación económica puede ser reclamada por sus sucesores.

**IV.**

Por los fundamentos antes expuestos, los cuales hacemos formar parte del presente dictamen, se *revoca* la *Sentencia* apelada. En consecuencia, determinamos que no procede la desestimación de las causas de acción de la parte apelante sino la sustitución del causante por sus herederos conforme establece la Regla 22.1 de

Procedimiento Civil, *supra*. Se devuelve el caso al TPI para los trámites de rigor.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones