**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANDREA MILAGROS RODAS ZAFRA,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 24-3341

Agency No.
A244-073-584

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 19, 2026
San Francisco, California

Before: WARDLAW, BEA, and SANCHEZ, Circuit Judges.

Andrea Milagros Rodas Zafra ("Rodas Zafra"), a native and citizen of Peru,

appeals the Board of Immigration Appeals' ("BIA") decision, which summarily

dismissed her appeal and denied her motion to accept her late-filed notice of appeal.

Rodas Zafra claimed, through her prior counsel, Heather A. Moilanen-Miller

("Moilanen-Miller"), that equitable tolling of the 30-calendar day filing deadline

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

was warranted because Moilanen-Miller's sudden illness prevented Rodas Zafra from timely filing the notice of appeal. After reviewing Rodas Zafra's motion, the BIA concluded that her motion did "not set forth extraordinary circumstances warranting equitable tolling." Rodas Zafra appealed the BIA's finding that the appeal was untimely.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). "We review for abuse of discretion the BIA's summary dismissal of an appeal." *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014) (citation modified). We grant the petition and remand to the BIA for further proceedings.

1. As a preliminary matter, Rodas Zafra has exhausted her legal arguments regarding equitable tolling. Rodas Zafra's motion to accept her late-filed appeal put the BIA on notice as to her equitable tolling claim because it explicitly requested "that the [BIA] allow for equitable tolling that would allow her to file her appeal untimely." *Contra Magana-Magana v. Bondi*, 129 F.4th 557, 574 (9th Cir. 2025) (Petitioner failed to put the BIA on notice of her equitable tolling claim because she "never mentioned the concept of due diligence to the BIA, much less equitable tolling."). Not only was the BIA on notice, but the BIA considered Rodas Zafra's

equitable tolling argument and concluded, albeit without explanation, that she did not "set forth extraordinary circumstances warranting equitable tolling." Nor was Rodas Zafra required to have raised the specific equitable tolling arguments she now makes on appeal. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) ("Exhaustion . . . does not require [an] issue to have been raised in a precise form during the administrative proceeding. . . . Rather, the petitioner may raise a general argument [to the BIA] and then raise a more specific legal issue on appeal."). Therefore, we have jurisdiction to review her challenge to the BIA's summary dismissal order.

2. Rodas Zafra's notice of appeal was untimely filed with the BIA. However, the filing deadline for notice of appeals is subject to equitable tolling. *Irigoyen-Briones v. Holder*, 644 F.3d 943, 949 (9th Cir. 2011). In deciding whether equitable tolling applies, the BIA applies the equitable tolling test from *Holland v. Florida*, 560 U.S. 631 (2010). *Matter of Morales-Morales*, 28 I. & N. Dec. 714, 717 (BIA 2023). A party is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In deciding whether to grant equitable tolling, courts engage in a "highly fact-dependent" inquiry. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam). Courts must "take a flexible, fact-specific approach to

equitable tolling" because specific circumstances are hard to predict in advance. *Gibbs v. Legrand*, 767 F.3d 879, 885 (9th Cir. 2014) (citation modified). Therefore, it is essential that the BIA explain its equitable tolling decisions to permit "meaningful appellate review" of its equitable tolling determinations. *Garcia Gomez v. Gonzales*, 498 F.3d 1050, 1051 (9th Cir. 2007) (finding the BIA's sparse order denying petitioner's motion for leave to file a late brief "inadequate" for "any meaningful appellate review").

Here, the BIA did not provide a reasoned explanation as to why Rodas Zofra's counsel's sudden illness and disappearance at the time her notice of appeal was due did not present an extraordinary circumstance to allow for meaningful appellate review. Although Moilanen-Miller "fully admit[ed] that the fault [did] not lie with [Rodas Zafra] but solely with counsel" in the Motion to Accept Late Appeal and that she "spent most of January too ill to work," the BIA stated only that "the motion [did] not set forth extraordinary circumstances warranting equitable tolling." We are left to speculate as to why the BIA reached its conclusion. Attorney misconduct can constitute an extraordinary circumstance for the purpose of equitable tolling. *Holland*, 560 U.S. at 651–52. Here, despite a fast-approaching deadline and illness that rendered her unable to work, Moilanen-Miller did not inform Rodas Zafra of her illness or take any steps to ensure Rodas Zafra's appeal was timely filed. *See Perez v. Reubart*, 150 F.4th 1164, 1172–73 (9th Cir. 2025); *Rudin v. Myles*, 781 F.3d

1043, 1055 (9th Cir. 2015). Moilanen-Miller's inaction proved fatal to Rodas Zafra's claim, as the BIA did not consider the merits of her appeal because of its untimeliness. Therefore, because there are some circumstances that could entitle Rodas Zafra to equitable tolling, we remand to the BIA for further explanation. *Whalem/Hunt*, 233 F.3d at 1148.

**PETITION GRANTED; REMANDED.**[1]

---

[1] We grant the motion to stay removal, Dkt. 10, pending issuance of the mandate.